**Francisco HERNANDEZ, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–9310–CR–539.**

Court of Appeals of Indiana, Second District.

Aug. 2, 1994.

Transfer Denied Sept. 7, 1994.

---

Robert C. Perry, Steckler Perry & Ryan, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee.

KIRSCH, Judge.

Francisco Hernandez appeals his conviction for Child Molesting,[1] a Class B felony. The only issue before us is whether trial counsel's decision to interview but not depose the prosecution's main witness constituted ineffective assistance of counsel.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Hernandez was charged by information with child molesting. The information alleged that Hernandez engaged in deviate sexual conduct by inserting a finger into the sex organ of M.S., a child who was under the age of twelve (12) when the incident occurred.

Prior to trial, Hernandez's counsel interviewed M.S.. Hernandez claims that during the course of this interview M.S. said that there was no insertion. This claim is supported by defense counsel's opening statement where defense counsel stated her belief that on cross-examination M.S. would admit that she said during the interview that there was no insertion.

At trial, M.S. testified on direct examination that Hernandez inserted his finger into her vagina. On cross-examination, M.S. repeatedly denied saying that there was no insertion during her interview with defense counsel. Because his counsel did not depose M.S. or tape record the interview, Hernandez had no independent evidence to offer regarding the statement.

1. IC 35–42–4–3(a) (1988 ed.)

## DISCUSSION AND DECISION

Hernandez claims that counsel's failure to depose M.S. resulted in losing potentially impeaching evidence when M.S. denied making the prior inconsistent statement. Alternatively, Hernandez claims that without taking a deposition, counsel should have had another person present during the interview to corroborate the inconsistent statement at trial. Hernandez argues that such failure constitutes ineffective assistance of counsel.

■ In order to establish a claim for ineffective assistance of counsel, Hernandez must overcome, by strong and convincing evidence, the presumption that counsel is effective and competent. *Bigbee v. State* (1992), Ind.App., 596 N.E.2d 970, 973. On review, we will not speculate on what would have been the most advantageous approach. *Mato v. State* (1985), Ind., 478 N.E.2d 57, 60. To demonstrate error, Hernandez must establish that counsel's performance fell below a wide range of professionally competent representation and prejudiced his right to a fair trial. *Fugate v. State* (1993), Ind., 608 N.E.2d 1370. Effective representation requires adequate pretrial investigation and preparation. *Williams v. State* (1987), Ind., 508 N.E.2d 1264, 1267. This includes interviewing witnesses on both sides of the case. *Id.*

In child molestation cases, credibility is often the deciding factor. To support his claim, Hernandez cites *Wright v. State* (1991), Ind.App., 581 N.E.2d 978, which bears some factual resemblance to the present case. In *Wright,* the defendant was convicted of child molesting and later claimed ineffective assistance of counsel. Defendant sought to introduce evidence from a witness who would impeach the victim's testimony. Due to counsel's failure to lay a proper foundation, however, the testimony was ruled inadmissible. This court noted that because the victim's credibility was key to the case, losing the opportunity to impeach her testimony amounted to ineffective assistance of counsel. *Id.* at 980.

Hernandez's defense relied on attacking the victim's credibility, and, as in *Wright,* Hernandez's counsel also failed to utilize im-

peaching evidence. The distinguishing factor is that Wright's counsel failed to impeach the victim because counsel failed to lay a proper foundation. Laying a proper foundation is an evidentiary requirement that every trial attorney should understand. It is not a strategic choice like the decision of whether to depose a witness. *Burr v. State* (1986), Ind., 492 N.E.2d 306, 308–9.

By conducting an interview alone with M.S., counsel could have reasonably sought to remove the comforting influence of M.S.'s mother or the prosecutor, and increase the chances of revealing fabrication or mistake. During the interview, counsel apparently found what she was looking for, and went to trial with evidence to impeach the prosecution's chief witness. When counsel decided to interview rather than depose M.S., she made a professional judgment and planned a reasonable trial strategy around that decision. Counsel's pretrial actions and decision do not amount to ineffective assistance.

Hernandez is asking us to judge attorney performance with the benefit of hindsight, an undertaking which appellate courts should resist. The United States Supreme Court recognized the dangers of second-guessing an attorney's professional decisions by stating in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674:

> "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"

*Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065.

Reconstructing the events around the interview, counsel could have reasonably weighed the risks of deposing M.S. and made the decision to interview her alone. Deposing M.S. could have alerted the prosecution and provided advance notice of potential inconsistencies; therefore, the prosecution would have time to minimize the effect of the damaging statement. *See Burr,* 492 N.E.2d at 308–9. Also, if counsel deposes M.S., and there are no inconsistent statements made, if she does not testify, the deposition may be read into evidence. *Coleman v. State* (1989), Ind., 546 N.E.2d 827, 829. On the other hand, if M.S. does not testify, and there is no deposition, the case against Hernandez would fail.

Hernandez's counsel conducted an adequate investigation and interviewed all witnesses who ultimately testified at trial: M.S., her mother, and Hernandez. Although hindsight reveals that a deposition may have been preferable to the informal interview, this was a decision of counsel arising from a planned trial strategy supported by adequate pretrial investigation. As our supreme court has noted, "[i]f every mistake or oversight made in the preparation of a case or at trial, perceived in the leisure of retrospection, should be considered probatory of legal incompetency, then a majority of all criminal defendants might validly assert such a claim." *Smith v. State* (1979), 272 Ind. 216, 218, 396 N.E.2d 898, 900. In this case, counsel's decision to take an informal statement from M.S. did not amount to inadequacy of counsel.

Affirmed.

SULLIVAN and GARRARD, JJ., concur.