Jeffrey SUBLETT, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9506–CR–325.

Court of Appeals of Indiana.

May 20, 1996.

Rehearing Denied Aug. 7, 1996.

Transfer Denied Oct. 10, 1996.

Howard Howe, Indianapolis, for Appellant.

Pamela Carter, Attorney General, James D. Dimitri, Deputy Attorney General, Indianapolis, for Appellee.

**OPINION**

KIRSCH, Judge.

A jury convicted Jeffrey Sublett of one

count of attempted murder,[1] a Class A felony. He raises the following issues on appeal:

I. Whether the Marion County Public Defender's administrative procedures violated Sublett's constitutional rights.

II. Whether the trial court abused its discretion by denying Sublett's motion to continue the trial.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Sublett stabbed his former girlfriend and her sister multiple times and was charged with two counts of attempted murder. In the several months preceding trial, Sublett requested the withdrawal of five different public defenders assigned to represent him. The trial court permitted each of the five attorneys to withdraw, and, five weeks prior to trial, appointed a sixth public defender to represent Sublett. This sixth attorney was assigned thirty other major felony cases in addition to Sublett's.

Two days before trial, Sublett informed his new counsel that he suffered from diabetes. Sublett's file contained no indication that he had revealed this fact to any of his prior counsel. Sublett's new counsel requested a continuance so that he could investigate Sublett's condition and prepare a possible defense. The trial court denied the motion. A jury subsequently convicted Sublett of the stabbing of his former girlfriend and acquitted him of the stabbing of her sister. Sublett appeals.

## DISCUSSION AND DECISION

### I. Public Defender System

Sublett first contends that he was denied a fair trial because the manner in which the Marion County Public Defender's Office (MCPD) assigns cases to its counsel results in ineffective representation. More specifi-

cally, he contends that the MCPD, by assigning his counsel thirty other felony cases in addition to his own, created a presumption of ineffective assistance of counsel and violated his constitutional rights.[2] Citing *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), Sublett argues that the attorneys in the MCPD are assigned so many cases that "the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." 466 U.S. at 659–60, 104 S.Ct. at 2047.

A similar argument was recently addressed and rejected by this court in *Platt v. State*, 664 N.E.2d 357 (Ind.Ct.App.1996). There, Platt argued that the MCPD lacked sufficient funds to permit the performance of adequate pretrial investigation and preparation by appointed counsel. According to Platt, the status of the system "inherently caused ineffective assistance of counsel at trial[,]" and that such insufficiency could not be cured by an appellate claim of ineffective assistance of counsel because of the "heavy burden of error" required by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Id.*, at 362. In rejecting Platt's argument, we held:

> "[A] violation of a Sixth Amendment right will arise only after a defendant has shown he was prejudiced by an unfair trial. This prejudice is essential to a viable Sixth Amendment claim and will exhibit itself only upon a showing that the outcome of the proceeding was unreliable. [*Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066]. Accordingly, the claims presented here are not reviewable under the Sixth Amendment as we have no proceeding and outcome from which to base our analysis."

*Id.*, at 363.

Although the present case involves a proceeding and an outcome, there is still no

---

1. *See* IC 35–41–5–1 (attempt); IC 35–42–1–1 (murder).

2. Sublett claims that the basis of his appeal is a "lack of procedural due process in the context of ineffective representation." *Appellant's Brief* at 2. He identifies the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution as

the source of the constitutional guarantees. Sublett does not claim any violation of the Indiana Constitution. The essence of Sublett's claim is that he received ineffective assistance of counsel as a result of the burdensome caseload the Marion County Public Defender system imposed on his attorney.

allegation or proof that Sublett's counsel rendered deficient performance or that Sublett suffered any prejudice as a result of his counsel's performance at trial. Indeed, Sublett's counsel was successful in obtaining a not guilty verdict on a Class A felony attempted murder charge. If, in fact, the Marion County Public Defender system somehow results in the appointment of ineffective assistance of counsel to indigent defendants, there is no constitutional violation unless the defendant can prove he was prejudiced at trial by the deficient performance. *See Hernandez v. State*, 638 N.E.2d 460, 461 (Ind.Ct. App.1994) (to establish ineffective assistance of counsel, defendant must prove both deficient performance and prejudice), *trans. denied. See also Wright v. State*, 436 N.E.2d 335, 338 (Ind.Ct.App.1982) ("Absent a positive showing of prejudice we cannot hold the Lake County public defender appointment procedures violative of the sixth amendment."). Without such proof here, Sublett cannot prevail on his constitutional claim.[3]

## II. Denial of Continuance

Sublett next contends that the trial court erred when it refused to continue the trial so that his counsel could explore a possible defense. Sublett characterizes the defense as one of diminished capacity based upon his diabetic condition.

■ The granting or denial of a continuance lies within the sound discretion of the trial court, and its decision will be disturbed only upon a showing that the court abused its discretion. *Woodfork v. State*, 594 N.E.2d 468, 470 (Ind.Ct.App.1992). This burden is met when a defendant demonstrates that he was prejudiced by the court's denial of his request for a continuance. *Id.* Continuances to allow more time for preparation are generally disfavored in criminal cases, granted only upon a showing of good cause and in the furtherance of justice. *Hazelwood v. State*, 609 N.E.2d 10, 13 (Ind.Ct.App.1993), *trans. denied.*

■ "Indiana has not recognized the separate legal defense of diminished capacity." *Storey v. State*, 552 N.E.2d 477, 481 n. 1 (Ind.1990); *Cardine v. State*, 475 N.E.2d 696, 698 (Ind.1985). As a result, it was not an abuse of discretion for the trial court to refuse defense counsel an opportunity to explore a theory that is not a recognizable defense in Indiana. Moreover, the charges against Sublett had been pending for nearly a year and a half before trial. During that time, Sublett was appointed six different attorneys in response to his reports of inadequate representation. The record reflects that Sublett's attorneys amassed a significant file in the preparation of Sublett's case. If Sublett would have told his prior attorneys when he met with them that he suffered from a diabetic condition, that information would have presumably been passed along. Sublett's sixth attorney entered his appearance five weeks prior to trial. Not until two days before trial did Sublett mention to any of his attorneys that his diabetes may have affected his behavior at the time of the incident. Sublett's attorney moved for a continuance on the day of trial. Under these circumstances, it was not an abuse of discretion to deny Sublett's motion for a continuance. *See Phillips v. State*, 179 Ind.App. 517, 519–20, 386 N.E.2d 704, 705–06 (1979) (no abuse of discretion to deny continuance sought on day of trial; defendant first mentioned existence of potential exculpatory witnesses five days prior to trial and defendant's attorney had

---

3. In *State v. Lynch*, 796 P.2d 1150 (Okla.1990), the Oklahoma Supreme Court held that a statute setting the fee for public defenders was unconstitutional in its application because it inadequately compensated the lawyers who represented Lynch. The criminal appeal was consolidated with a case brought by certain county bar associations who asked the supreme court to assume original jurisdiction and grant lawyers just compensation for appointment of indigent defendants. The supreme court accepted original jurisdiction and held that "in some instances, the arbitrary and unreasonable statutory scheme contravenes the due process clause of the Okla. Const. art. 2, § 7 as well as the immunities clause of the Okla. Const. art. 5, § 51." *Id.* at 1153. At issue there was not the indigent's right to counsel, but "the due process rights of appointed counsel for indigent defendants[.]" *Id.* at 1156. We note this case simply to acknowledge that successful system-wide challenges have been made to public defender systems on theories other than ineffective assistance of counsel.

approximately four weeks to prepare for trial and investigate possible defenses).

Affirmed.

SULLIVAN and STATON, JJ., concur.