**Eddie L. STRINGER, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

**No. 49A02–9701–PC–60.**

Court of Appeals of Indiana.

Jan. 30, 1998.

Transfer Denied April 8, 1998.

Hilary Bowe Oakes, Indianapolis, for Appellant–Petitioner.

Jeffrey A. Modisett, Attorney General, Phillip D. Hatfield, Deputy Attorney General, Indianapolis, for Appellee–Respondent.

## OPINION

KIRSCH, Judge.

Eddie L. Stringer appeals the denial of his petition for post-conviction relief (PCR) and raises four issues which we restate as:

I.    Whether the trial court erred by convicting him of battery, a Class C felony, as a lesser included offense when he was charged with attempted murder.

II.   Whether there was sufficient evidence to support his conviction for battery.

III.  Whether the trial court erred when it permitted the State to amend his habitual offender information.

IV.  Whether he was denied effective assistance of trial counsel.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On October 4, 1993, Stringer attempted to purchase fifty dollars worth of cocaine from Ali Clanton. When Clanton allegedly gave Stringer less than the agreed quantity of cocaine, Stringer pointed a handgun at Clanton. Believing that Stringer intended to rob him, Clanton reached for his wallet. Stringer reacted by shooting Clanton three times.

On October 14, 1993, Stringer was charged by Information with attempted murder. Stringer was also charged with being an habitual offender based on prior felony convictions of confinement in 1990 and burglary in 1981. On January 5, 1994, the State amended the habitual offender charge to include three additional prior felonies: commission of a felony while armed in 1975, battery in 1980, and theft in 1990.

In addition to finding Stringer guilty of battery, the court found Stringer to be an habitual offender. Stringer initiated his direct appeal but later withdrew it so that he could file a PCR petition. The PCR court denied the petition, and this appeal ensued.

## DISCUSSION AND DECISION

### I. Whether battery, a Class C felony, is a lesser included offense of attempted murder under the facts of this case.

The Information charged that Stringer:

"did attempt to commit the crime of Murder, which is knowingly or intentionally kill another human being, namely: Ali Clanton by engaging in conduct, that is: knowingly shooting at and against the body of Ali Clanton three times which constituted a substantial step toward the commission of Murder...."

*Record* at 25.

In *Wright v. State,* our supreme court set out the analysis that a trial court is to follow regarding a lesser included offense of the charged crime:

"First, a trial court must compare the statute defining the crime charged with the statute defining the alleged lesser included offense. If (a) the alleged lesser included offense may be established 'by proof of the same material elements or less than all the material elements' defining the crime charged, or (b) the only feature distinguishing the alleged lesser included offense from the crime charged is that a lesser culpability is required to establish the commission of the lesser offense, then the alleged lesser included offense is inherently included in the crime charged. If an offense is inherently included in the crime charged, then a trial court should proceed to step three below. We emphasize here that the wording of a charging instrument never forecloses or precludes an instruction on an inherently lesser included offense.

"Second, if a trial court determines that an alleged lesser included offense is not inherently included in the crime charged under step one, then it must compare the statute defining the alleged lesser included offense

with the charging instrument in the case. If the charging instrument alleges that the means used to commit the crime charged include all of the elements of the alleged lesser included offense, then the alleged lesser included offense is factually included in the crime charged, and the trial court should proceed to step three below....

"Third, if a trial court has determined that an alleged lesser included offense is either inherently or factually included in the crime charged, it must look at the evidence presented in the case by both parties. If there is a serious evidentiary dispute about the element or elements distinguishing the greater from the lesser offense and if, in view of this dispute, a jury could conclude that the lesser offense was committed but not the greater, then it is reversible error for a trial court not to give an instruction, when requested, on the inherently or factually included lesser offense...."

658 N.E.2d 563, 566–67 (Ind.1995) (citations and footnotes omitted).

■■■ Battery is not an inherently lesser included offense of attempted murder because "touching" is an essential element of battery but not a requirement for a conviction of attempted murder. *Leon v. State,* 525 N.E.2d 331, 332 (Ind.1988). Here, however, it is factually included because Stringer was charged with "knowingly shooting at and against the body of Ali Clanton." *See Straub v. State,* 567 N.E.2d 87, 90 (Ind.1991). It was undisputed that Stringer shot Clanton. Because the elements clearly coincide, the information was sufficient to put Stringer on notice that he could be convicted of battery. *See id.* The trial court did not err when it concluded that Stringer could be convicted of battery.

### II. Whether there was sufficient evidence to support the conviction for battery.

Having held that Stringer could be convicted of battery as a lesser included offense of attempted murder, we look next to the sufficiency of the evidence to support the battery conviction. Stringer argues that he acted in self-defense.

Here, the State presented evidence that Stringer shot Clanton during an exchange of drugs for cash. Although Stringer claimed that he was in danger of death or great bodily harm, the evidence was not without conflict. Even if Stringer believed that Clanton was reaching for a gun rather than his wallet, it is undisputed that Stringer was the first to display a weapon and the only one to fire. Thus, the State presented sufficient evidence to negate Wilson's claim of self-defense.

### III. Whether the trial court erred in permitting the State to amend the habitual offender charge.

IC 35–34–1–5(e) provides:

"An amendment of an indictment or information to include an habitual offender charge under IC 35–50–2–8 must be made not later than ten (10) day after the omnibus date. However, upon a showing of good cause, the court may permit the filing of a[sic] habitual offender charge at any time before the commencement of the trial."

However, IC 35–34–1–5(c) allows the State to amend the information at any time as long as the amendment "does not prejudice the substantial rights of the defendant." Stringer argues that the amending the information by adding three additional prior felony convictions amounted to the filing of a new information. Stringer conceded at sentencing, at his PCR hearing, and on appeal that he had the prior unrelated felonies named in the amended habitual offender information. Thus, he has failed to offer any indication that he could have presented a defense or otherwise demonstrated that he was prejudiced by the amendment.

### IV. Whether Stringer was denied effective assistance of trial counsel.

Finally, Stringer claims he was denied effective assistance of counsel because counsel was intoxicated at the trial and because counsel failed to subpoena a witness whom Stringer wished to call to testify that Clanton had a handgun. In order to establish a claim for ineffective assistance of counsel, Stringer must overcome, by strong and convincing evidence, the presumption that counsel is effective and competent. *See Hernandez v. State,* 638 N.E.2d 460, 461 (Ind.Ct. App.1994), *trans. denied.* On review, we will not speculate on what would have been the most advantageous approach. *Id.* To demonstrate error, Stringer must establish that counsel's performance fell below a wide range of professionally competent representation and prejudiced his right to a fair trial. *Id.* Effective representation requires adequate pretrial investigation and preparation. *Id.*

The PCR court found that Stringer failed to prove that his counsel was intoxicated. This court may reverse the PCR court's finding only if the evidence points unerringly to the opposite conclusion. *See id.* Here, it does not. In addition, choices made by an attorney for some tactical or strategic reason do not establish ineffective assistance of counsel even though such choices may be subject to criticism or the choices ultimately prove to be detrimental to the defendant. *King v. State,* 598 N.E.2d 589 (Ind.Ct.App.1992), *trans. denied.* Here, counsel could have decided that the testimony of one of Stringer's companions would not be sufficiently credible to outweigh the risks of cross-examination, and such strategic decision does not constitute the ineffective assistance of counsel.

Affirmed.

SULLIVAN and FRIEDLANDER, JJ., concur.