Jeffrey ZENTHOFER, Appellant,

v.

STATE of Indiana, Appellee.

No. 65S00–9208–CR–603.

Supreme Court of Indiana.

May 11, 1993.

William W. Gooden, Mt. Vernon, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., for appellee.

GIVAN, Justice.

Appellant was tried by a jury and convicted of Count I, Murder During the Commission of a Robbery and Count II, Robbery, a Class A felony. Ultimately the trial court sentenced appellant to sixty (60) years on Count I.

The facts are: On February 28, 1991, Janet Bebout's body was found behind the counter of the Pantry Store in Mt. Vernon, Indiana. The cause of death was a single gunshot wound through her left eye. Several cartons of Marlboro cigarettes were missing from the store.

On February 27, 1991, Jeffrey Paul showed a .38 caliber revolver to appellant and others who were present at appellant's residence. When Paul indicated he wanted to purchase some whiskey, appellant gave five dollars to Paul and Paul gave the revolver to appellant as collateral.

Paul discussed committing a robbery and wondered aloud about what it would be like to shoot someone and play Russian Roulette. He mentioned the Pantry as a place to rob. Paul asked if appellant would accompany him. Appellant refused and went to bed.

Appellant made statements to the police in which he claimed that Paul awakened him after the shooting, admitted to shooting the victim, and that he helped Paul hide the gun and some stolen cigarettes in a ceiling vent. Appellant maintained that Paul was alone when he went to the Pantry and that appellant had no involvement in the crimes.

However, appellant told his friend, Travis Garrett, who testified at trial, that when Paul awakened him and asked him to go to the Pantry he did so. Appellant said that he chose some soft drinks while Paul chose some cigarettes. When appellant set the soft drink cans on the counter, Paul drew the revolver and shot the cashier, Janet Bebout, in the left eye, killing her. Appellant told Garrett that he fled from the store because he was surprised by the occurrence. Appellant claimed that Paul caught up with him and threatened him at gunpoint against revealing what he had seen. Paul told Garrett he had shot Bebout. Paul also threatened another friend with death.

Later, appellant provided the police with a grocery sack which contained cartons of Marlboro cigarettes which were taken from the Pantry after the shooting.

█ Prior to submission to the jury, appellant tendered the following instruction which was refused by the trial court.

Appellant's Instruction No. 2:
"The mere presence of Jeffrey Zenthofer at the scene of the murder and robbery alleged in Counts II and III of the Amended Information and the companionship with the person who committed that murder and robbery is not sufficient proof that Jeffrey Zenthofer knowing[sic] or intentionally aided, induced or caused the commission of those crimes."

The instruction given by the trial court is as follows:
"If a person is present at the time and place crimes are committed and immediately before, during or after the crimes, is the companion of one who actually commits the crimes these circumstances standing alone are not sufficient to import guilt but may be considered along with all other evidence in the case in determining the person's guilt as one who aided the commission of the crimes."

█ Upon review of a refusal to give an instruction, we look to see if the refused

instruction is a correct statement of the law, if there is evidence in the record which supports giving the tendered instruction, and if the refused instruction is covered by other instructions which are given. *Taylor v. State* (1992), Ind., 587 N.E.2d 1293.

We have stated that a proposed instruction regarding aiding or abetting, which draws the focus of the jury away from the total circumstances showing knowledge and conduct of the accused by focusing on a single factor such as companionship, is properly rejected as misleading. *Polk v. State* (1984), Ind., 467 N.E.2d 666. Moreover, we have held that it is proper for a trial court to give an instruction similar to the one which was given in the case at bar. *See Schmidt v. State* (1970) 255 Ind. 443, 265 N.E.2d 219.

In the case at bar, the proposed instruction merely informed the jury that evidence of presence and companionship was not enough to justify a determination of guilt. The instruction given by the trial court is an accurate statement of the law. The trial court did not err in refusing to give the proposed instruction.

■ Appellant argues the prosecutor's comments during closing argument constituted prosecutorial misconduct resulting in fundamental error. The comments made by the prosecuting attorney are as follows:

"I'm trying to find out and prove something the Defendant already knows. You need a little help for that and, of course, everything we gather, all of the information we find, we turn right over to Mr. Gooden to help Mr. Zenthofer defend himself from what he already knows he did. Of course, they have the information that we don't have. They know that he did it. They know that he's guilty."

Defense counsel did not object to the prosecutor's closing argument. In his closing argument, defense counsel refuted the prosecutor's assertion that he knew that his client was guilty and went on to state that he knew that his client did not commit the crimes charged.

■ Our analysis begins with a determination whether the prosecutor engaged in misconduct. *Lopez v. State* (1988), Ind., 527 N.E.2d 1119. Our next determination is whether under all the circumstances the prosecutor's misconduct placed the defendant in a position of grave peril to which he should not have been subjected. *Id.* Part of our consideration focuses on the probable persuasive effect of any misconduct on the jury's decision and whether there were repeated instances of misconduct which would suggest a deliberate attempt to improperly prejudice the defendant. *Id.*

■ We have held that a defendant waives possible error concerning the prosecutor's closing argument where he fails to object to the argument at trial. *Jester v. State* (1990), Ind., 551 N.E.2d 840. Moreover, the correct procedure to be employed when an improper argument is alleged to have occurred is to request an admonishment, and if further relief is desired, to move for a mistrial. *Brown v. State* (1991), Ind., 572 N.E.2d 496. Failure to request admonishment or move for mistrial results in waiver of the issue. *Id.*

Appellant concedes that he failed to make an objection at trial, but contends that the comments constituted fundamental error. The comments made by the prosecutor were improper; however, the impropriety does not rise to the level of fundamental error. It is unlikely that the statement made such an impact on the jury as to place appellant in the position of grave peril. The State was arguing in favor of a finding of guilt and the defense was arguing against a finding of guilt. We find no reversible error.

■ Appellant states he was tried as an accomplice and as such could be found guilty if the State proved that he acted "knowingly or intentionally", and that he participated in the crime or acted to aid, induce or cause another to commit the offense, citing Ind.Code § 35-41-2-4. Appellant does not challenge the sufficiency of the evidence going toward his knowledge that Paul was going to rob the Pantry. Appellant does challenge the sufficiency of the evidence that he participated in the crimes charged. Appellant asserts that the

only evidence presented by the State regarding his participation is: 1) presence with Paul during the commission of the crimes, 2) possession of the murder weapon the night before the crimes, and 3) assistance of Paul after the murder and robbery in hiding the murder weapon and the stolen cigarettes.

Appellant contends that because mere presence at the scene of the crime standing alone is insufficient evidence of accomplice liability, the sufficiency question depends on the other evidence cited. He claims that possession of the gun is merely weak circumstantial evidence of participation because the person who owned the gun did the shooting. He further claims that his conviction cannot rest solely on acts which occurred after the crimes were committed.

■■■ Upon review of sufficiency of the evidence, we will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. *Cary v. State* (1984), Ind., 469 N.E.2d 459. We will not weigh the evidence or judge the credibility of the witnesses. *Id.* We will affirm the conviction if there is either direct or circumstantial evidence from which a trier of fact could infer guilt beyond a reasonable doubt. *Davis v. State* (1981), 275 Ind. 509, 418 N.E.2d 203.

The State presented evidence that appellant knew that Paul planned to rob the Pantry and wanted appellant to come with him. Appellant was aware that Paul was considering committing a murder. The State presented testimony that Paul gave what ultimately became the murder weapon to appellant as collateral for a loan prior to the crime and that weapon was used to commit the crimes charged. A witness testified that appellant told him, contrary to appellant's statements to the police, that he had been present with Paul during the commission of the crimes. Appellant provided police officers with packages of cigarettes which were stolen from the Pantry, and appellant had helped Paul conceal the murder weapon. Based upon the standard of review there is sufficient evidence in the record to support the conviction.

■■■ Appellant's next argument concerns sentencing. The jury convicted appellant of both murder in the commission of robbery and robbery. Initially, the trial court sentenced appellant to a term of sixty (60) years for the murder conviction and to a consecutive term of fifty (50) years for the robbery. The trial court suspended fifty (50) years of the sentence. Appellant objected to the sentence for the robbery conviction on the basis that it merged into the murder conviction. At that time the objection was overruled.

■■■ We have held that when the prosecutor obtains convictions against a defendant for felony murder and the accompanying felony of robbery, a defendant may only be sentenced for the greater charge. *Huffman v. State* (1989), Ind., 543 N.E.2d 360, *cert. den.* 497 U.S. 1011, 110 S.Ct. 3257, 111 L.Ed.2d 767, *overruled on other grounds, Street v. State* (1991), Ind., 567 N.E.2d 102. Robbery is a lesser-included offense of felony murder which merges into the felony murder conviction. *Id.*

On August 25, 1992, the trial court corrected appellant's sentence by vacating the sentence for the robbery conviction. We find no error in the sentencing as corrected.

■■■ Appellant argues that the sentence he received was manifestly unreasonable and requests that we review his sentence. Ultimately appellant received a sixty (60) year sentence for the murder conviction. Upon review we will not alter a sentence imposed by a trial judge if it is within statutory bounds unless it appears that the sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. *Menifee v. State* (1987), Ind., 512 N.E.2d 142.

Appellant seems to argue that because he was not the triggerman he should not receive the maximum sentence. However, we have held that an accomplice can be criminally held liable for everything done by his confederates, which was a probable and natural consequence of their common plan. *Id.* The trial court considered appellant's prior criminal history, his record of delinquent activity at school, his need for

rehabilitation, and the fact that a reduced sentence would depreciate the seriousness of the crime. The trial court found that although a long term of imprisonment would cause hardship to his family, it was justifiable because counseling which appellant had received for drug and alcohol dependency was not successful and neither were the short terms of imprisonment he received for prior convictions. Further, the trial court found that the aggravating factors outweighed any mitigating factors. As these factors are in accord with the sentencing statute, we do not find appellant's sentence to be unreasonable.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, DICKSON and KRAHULIK, JJ., concur.