**Jeffrey S. VAN DONK, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 56A03–9608–CR–293.

Court of Appeals of Indiana.

Jan. 17, 1997.

John T. Casey, Blaney, Casey & Walton, Rensselaer, Jeryl F. Leach, Blaney, Casey & Walton, Morocco, for Appellant–Defendant.

Pamela Carter, Attorney General, Randi F. Elfenbaum, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

HOFFMAN, Judge.

Appellant-defendant Jeffrey Van Donk appeals his conviction for battery,[1] a Class A misdemeanor. The facts most favorable to the verdict are set forth below.

On the afternoon of February 14, 1996, Van Donk entered his home, proceeded upstairs, and began packing some of his belongings. Shortly thereafter, Van Donk began to argue with his wife. The argument escalated, and Van Donk pushed and dragged his wife down the stairs, and took her head and hit it against a doorway, bruising her below her left eye. A call was placed to the Newton County Sheriff's Department. Two officers responded and upon arriving at the Van Donks' home, observed Van Donk carrying clothing from the residence. He explained to

1. *See* IND. CODE § 35–42–2–1 (1993 Ed.).

the officers that he had an argument with his wife and that he was packing his clothes to leave the residence. Van Donk's wife, however, provided the officers with a written statement alleging that her husband battered her.

Thereafter, Van Donk was arrested and charged with battery, as a Class A misdemeanor. At his initial hearing, Van Donk waived his right to a jury trial and his right to an attorney and proceeded *pro se* at his subsequent bench trial.

At Van Donk's trial, Van Donk's wife exercised her Fifth Amendment right against self-incrimination and refused to testify against her husband. The trial court ruled, however, that Van Donk's wife could testify as to whether Van Donk caused her to hit her head against the doorway. Van Donk's wife denied that Van Donk battered her and repudiated the earlier statements she gave to the police officers. Nevertheless, following the presentation of evidence, the trial judge found Van Donk guilty of battery.

As restated, Van Donk presents three issues for review:

(1) whether the trial court erred in requiring Van Donk's wife to testify against him;

(2) whether Van Donk knowingly and voluntarily waived his right to counsel; and

(3) whether there was sufficient evidence to support Van Donk's conviction.

■ Van Donk first argues that the trial court erred in requiring his wife to testify against him. He specifically contends that the trial court erred when it "did not ascertain whether or not the communication was privileged communication and whether or not Mrs. Van Donk was a competent witness against her husband."

■ The State contends that Van Donk has waived this issue for failure to interpose a timely objection at trial. While it is true that the failure to make a timely objection at trial will result in waiver of an issue on appeal, *Palmer v. State*, 640 N.E.2d 415, 422

(Ind.Ct.App.1994), we will address the merits of Van Donk's argument because it is necessary to our disposition of Van Donk's cause.

■ Communications between a husband and wife are privileged under IND. CODE § 34–1–14–5 (1993 Ed.). *Carlyle v. State,* 428 N.E.2d 10, 12 (Ind.1981). Privileged communications between husband and wife, however, have been restricted in application to confidential communications and information gained by reason of the marital relationship. *Id.* In addition, for more than 100 years, statutory and case law in Indiana have provided that, in a criminal case where, as here, the spouse was the injured party, even the marital communications privilege does not apply. *State v. Roach,* 669 N.E.2d 1009, 1011 (Ind.Ct.App.1996); *see also, Jordan v. State,* 142 Ind. 422, 41 N.E. 817 (1895).

Here, the record reveals that the argument that transpired between Van Donk and his wife escalated to the point where Van Donk pushed and dragged his wife down the stairs and hit her head against a doorway. Mrs. Van Donk called the police and related the incident to the investigating officers. Although at trial Mrs. Van Donk recanted her earlier accounts of the incident, her testimony, nevertheless, was admissible because the disclosure was not made in reliance upon the marital relationship. *See Carlyle,* (where wife's testimony that her husband shot the victim was not privileged because husband was in need of wife's assistance and coerced her by force and fear).

■ Van Donk next argues, and the State concedes, that the trial court failed to inform Van Donk of the consequences of waiving his right to counsel. On March 29, 1996, the trial court entered an order stating that "[t]he defendant declines appointment of counsel and informs the Court that he will proceed pro-se." No hearing on the record was held to determine Van Donk's competency to represent himself and to make a record of the waiver of his right to counsel. One month later, Van Donk represented himself at a bench trial and was found guilty of battery.

■ When a defendant decides to proceed to trial without the benefit of counsel, the record must reflect that the right to counsel was voluntarily, knowingly, and intelligently waived. *Hagy v. State,* 639 N.E.2d 693, 694 (Ind.Ct.App.1994). To properly make this determination, the trial court must conduct a hearing to determine the defendant's competency to represent himself and to make a record of the waiver of counsel. *Spears v. State,* 621 N.E.2d 366, 368 (Ind.Ct. App.1993). This record must establish that the defendant was made aware of the nature, extent, and importance of the right and the consequences of waiving it. *Id.*

At Van Donk's initial hearing, the following colloquy took place between Van Donk and the trial court:

THE COURT: ... My question is, do you need time to get a lawyer?

DEFENDANT: Uh, actually, I don't think I need one in this situation.

THE COURT: Fine. Then [this cause] will be set for Omnibus Hearing— ... March 20th.

At Van Donk's omnibus hearing, the following colloquy took place:

THE COURT: Are you planning on retaining counsel?

DEFENDANT: No, I'm not, your Honor.

THE COURT: And why is that?

DEFENDANT: Uh, I'm ready to proceed with the hearing.

No hearing on the record was held to determine Van Donk's competency to represent himself. The record does not reveal whether Van Donk was advised of the dangers and disadvantages of proceeding *pro se.* Because the record is devoid of any such advisement, the record is inadequate to ensure that Van Donk knowingly and voluntarily waived his right to counsel. The judgment of the trial court is, therefore, reversed.

■ Van Donk also argues that there was insufficient evidence to support his conviction because 1) the two investigating officers who testified at trial did not have personal knowledge of the circumstances giving rise to the criminal charges, and 2) Van Donk's wife recanted the statements she made to the police officers and never testified at trial that Van Donk battered her.

In reviewing the sufficiency of the evidence, we consider the evidence most favorable to the verdict, together with all reasonable inferences which may be drawn from that evidence, and if there is substantial evidence of probative value to support each element of the offense, the judgment will be affirmed. *Reynolds v. State*, 573 N.E.2d 430, 431 (Ind.Ct.App.1991). We neither weigh the evidence nor judge the credibility of the witnesses. *Id.* Evidence which only tends to support a conclusion of guilt is insufficient to sustain a conviction, as evidence must support the conclusion of guilt beyond a reasonable doubt. *Id.*

It is well settled that a conviction may not be predicated upon a repudiated out-of-court statement unless there is substantial evidence of probative value from which the trier of fact could infer that the repudiated statement is credible. *Peckinpaugh v. State*, 447 N.E.2d 576, 581 (Ind. 1983). Here, because the State's case did not rest solely upon Mrs. Van Donk's repudiated out-of-court statements, this Court finds that sufficient evidence corroborated the repudiated statements.

Mrs. Van Donk placed the emergency call to the Newton County Sheriff's Department. When the officers arrived, they observed Van Donk carrying clothes from the residence. Van Donk stated to the officers that he and his wife had engaged in a "scuffle". Mrs. Van Donk stated to the officers that she and Van Donk had been arguing and that Van Donk pushed and dragged her down the stairs and hit her head against the doorway. The officers observed a bruise under Mrs. Van Donk's left eye.

Furthermore, Mrs. Van Donk gave to the police officers a signed written statement describing the battery. By signing her written statement, Mrs. Van Donk certified that what she had written was true. Moreover, at trial, Mrs. Van Donk admitted giving to the police officers a verbal statement, as well as the signed written statement describing the battery.

Here, Mrs. Van Donk's repudiated out-of-court statements were supported by sufficient evidence of probative value from which the trial judge could reasonably infer that her out-of-court statements were credible. The record reflects that there was sufficient evidence to support Van Donk's conviction for battery. While the trial court's failure to determine whether Van Donk knowingly and voluntarily waived his right to counsel requires reversal of Van Donk's conviction, double jeopardy concerns would not preclude Van Donk from being retried on the charge of battery. *See Hastings v. State*, 560 N.E.2d 664, 670 (Ind.Ct.App.1990) (retrial of the defendant is permissible when the conviction is reversed on grounds other than sufficiency of the evidence).

Reversed and remanded.

GARRARD and STATON, JJ., concur.