**Tom O. SLEDGE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 20A03–9603–CR–83.**

Court of Appeals of Indiana.

March 4, 1997.

William J. Cohen, Elkhart, for Appellant–Defendant.

Pamela Carter, Attorney General, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

STATON, Judge.

Tom Sledge was convicted of two counts of dealing cocaine.[1] Sledge raises four issues for our review which we restate as:

I.   Whether the trial court failed to timely strike a prospective juror, resulting in prejudice to the defense.

II.  Whether the trial court erred by not giving instructions on lesser included offenses.

III. Whether the trial court improperly admitted hearsay by permitting a police officer to testify about a conversation he overheard.

IV.  Whether the trial court erred by allowing testimony of other crimes in contravention of Indiana Evidence Rule 404(b).

We affirm.

The facts most favorable to the verdict are that on March 21, 1995, a confidential informant ("CI") arranged a drug transaction with Sledge. The CI was fitted with a transmitter so that police could overhear and record any conversations. On this date, the CI purchased over twenty-six grams of crack cocaine. Later, on April 12, 1995, the CI, again fitted with a wire, purchased approximately 10 grams of crack cocaine from Sledge. Sledge was later arrested and subsequently convicted of two counts of dealing cocaine. This appeal ensued.

## I.

### Striking of Juror

Sledge contends that answers from juror No. 79 during *voir dire* prejudiced the entire jury panel, rendering a fair trial impossible. During *voir dire,* the court asked if anyone knew Sledge. Juror No. 79 responded that he knew Sledge indirectly through his occupation. Responding to another question, Juror No. 79 stated that he could not give Sledge the presumption of innocence. Later, the trial court asked if anyone served as a law enforcement officer. The defense asked that Juror No. 79 be stricken for cause before responding. The trial court denied this request and permitted Juror No. 79 to respond that he was a police officer.[2] According to Sledge, the net result of Juror No. 79's responses was to create the impression in the entire jury panel that he had a criminal past, thereby prejudicing the entire panel and preventing a fair trial.

■ Regulating the form and substance of *voir dire* examinations is within the broad discretion of the trial court. *Conner v. State,* 580 N.E.2d 214, 218 (Ind.1991), *cert. denied,* 503 U.S. 946, 112 S.Ct. 1501, 117 L.Ed.2d 640 (1992). We will reverse only upon a showing of a manifest abuse of that discretion and a denial of a fair trial to the defendant. *Id.*

■ In this case, we cannot conclude that Sledge was denied a fair trial by Juror No. 79's answers during *voir dire.* Never did the

---

1. IND.CODE § 35–48–4–1 (Supp.1995).

2. Juror No. 79 was later stricken for cause.

State argue to the jury that they could, or should, infer a criminal past from Juror No. 79's responses. In order for this inference to arise, the remaining members of the panel would have to conclude that since Juror No. 79 was a police officer and knew of Sledge indirectly through his work, Sledge must have a criminal history. However, as the State points out, the jury could have just as easily concluded that Sledge was a victim of a crime, a witness to a crime or was otherwise involved in a prior case not as a defendant. The evidence does not mandate the conclusion argued by Sledge. We note that Juror No. 79's statement that he was a police officer was couched between several other potential juror's statements that they knew someone who was a police officer. Thus, Juror No. 79's response was not emphasized. The inference which Sledge contends requires a new trial is simply too speculative to grant relief. *See Brown v. State,* 497 N.E.2d 1049, 1051–52 (Ind.1986) (inference of criminal activity from defendant's presence with a police officer was, at best, speculative).

## II.

### *Lesser Included Offense Instructions*

Next, Sledge argues that the trial court erred in refusing his instructions on the lesser included offenses of Possession of Cocaine, Maintaining a Common Nuisance and Visiting a Common Nuisance. When a trial court is asked to instruct the jury on a lesser included offense, it must engage in a three step process. *Wright v. State,* 658 N.E.2d 563, 566 (Ind.1995). First, the court must determine if the alleged lesser offense is inherently included in the charged crime. *Id.* A lesser offense is inherently included in a greater offense if the lesser offense can be established by proof of the same material elements or less than all of the material elements of the charged offense, or if the distinguishing feature between the two offenses is a lesser culpability required to prove the lesser offense. *Id.* If the trial court finds that the alleged lesser included offense is inherently included in the greater offense, it should proceed to the third step of the process. *Id.* at 566–67.

If the trial court determines that the alleged lesser included offense is not inherently included in the greater offense, it should next determine if it is factually included. *Id.* at 567. To make this determination the trial court must compare the statute covering the alleged lesser included offense with the charging instrument. If the allegations of the charging instrument regarding the greater offense include all of the elements of the lesser offense, then it is factually included in the greater offense. *Id.*

If the lesser offense is neither inherently nor factually included in the greater offense, the trial court should not give the requested instruction. *Id.* If, however, the lesser offense is either inherently or factually included in the greater offense, then the trial court needs to perform the third step of the analysis. *Id.*

In step three, the trial court must examine the evidence presented by both the defendant and the State. If there is a serious evidentiary dispute concerning the element which distinguishes the lesser offense from the greater offense, and in light of that dispute the jury could conclude that the defendant committed the lesser offense and not the greater, the trial court should give the requested instruction. *Id.* Failure to give a requested instruction under these circumstances constitutes reversible error. *Id.* However, if the evidence does not show such a dispute and does not support the giving of the instruction on the lesser included offense, the trial court should refuse the instruction. *Id.*

Regarding the possession instruction, possession of a narcotic is an inherently lesser included offense of dealing in the narcotic. *Abron v. State,* 591 N.E.2d 634 (Ind. Ct.App.1992), *trans. denied.* Therefore, we proceed to the third step in the analysis. The difference between Dealing in Cocaine and Possession of Cocaine is that dealing requires delivery of the cocaine. *Compare* IC 35–48–4–1 *with* IC 35–48–4–6. Thus, we must determine whether there is a serious evidentiary dispute concerning whether Sledge delivered the cocaine or merely possessed it.

In an attempt to create a serious evidentiary dispute, Sledge notes that the only person who testified as to delivery was the CI, attacks the CI's credibility, argues that, given the CI's lack of credibility, the jury could have disbelieved the CI and convicted Sledge only of possession. However, the juxtaposition of this argument against Sledge's defenses at trial belies such an assertion. Regarding the first transaction, Sledge contended that another person actually consummated the deal while he was merely present in the household. As to the second transaction, Sledge contested his very presence in the automobile where the transaction was alleged to have taken place. Thus, if the CI were disbelieved and Sledge's accounts accepted, then Sledge was guilty of no offense whatsoever. To the extent Sledge's argument on appeal creates an evidentiary dispute, it is directed not to the distinguishing element between dealing and possession, but rather to his participation in any crime. This argument does not warrant a lesser included offense under *Wright*. We conclude that the evidence adduced at trial does not create a serious evidentiary dispute regarding delivery and that the trial court did not err by refusing to give a lesser included offense instruction on Possession of Cocaine.

■ We begin our inquiry anew, turning to Visiting or Maintaining a Common Nuisance. The elements of Visiting a Common Nuisance are: (1) knowingly or intentionally; (2) visiting a building, structure, vehicle or other place; (3) used by a person; (4) to unlawfully use a controlled substance. IND. CODE § 35–48–4–13(a) (1993). The elements of Maintaining a Common Nuisance are: (1) knowingly or intentionally; (2) maintaining a building, structure, vehicle or other place; (3) used by persons to unlawfully use controlled substances; or (4) used for unlawfully keeping, selling, offering for sale, delivering or financing the delivery of controlled substances. IND.CODE § 35–48–1–13(b) (1993). These offenses are not inherently included in Dealing of Cocaine since they contain elements which Dealing does not: visiting or maintaining a building, structure, vehicle or other place. Therefore, we must proceed to the second step of the analysis.

In the second step, we compare the elements of the lesser included offense with the charging instrument. *Wright, supra*, at 567. If the facts used to allege the crime charged include all the elements of the lesser included offense, then we should proceed to the third step in the analysis. *Id.* If not, the lesser included offense instruction should not be given. *Id.*

■ In this case, the charging information reads, in relevant part, that "TOM O. SLEDGE, did then and there unlawfully, knowingly, and feloniously sell and deliver a quantity of Cocaine having an aggregate weight in excess of three (3) grams...." Record at 8. The second count uses the precise same language. Again, absent are the elements of visiting or maintaining a building, structure, vehicle or other place. Thus, neither Visiting nor Maintaining a Common Nuisance is a factually included lesser offense. The trial court properly refused Sledge's tendered instructions on these offenses.

### III.

#### *Hearsay*

■ At trial, a police officer was permitted to testify as to conversations between the CI and Sledge. The officer overheard these conversations through the microphone hidden on the CI. Sledge argues the officer's testimony was inadmissible hearsay. However, we need not address the merits of Sledge's argument to resolve this issue. The CI also testified as to the exact same conversation. Even assuming the trial court erred by allowing the police officer's testimony, erroneously admitted evidence that is merely cumulative is not reversible error. *Homehealth, Inc. v. Northern Indiana Public Service Co.*, 600 N.E.2d 970, 974 (Ind.Ct.App. 1992), *reh. denied.* Since the challenged evidence is cumulative, there is no reversible error.

### IV.

#### *Evidence of Other Crimes*

Sledge's final argument is that the trial court committed reversible error by admit-

ting evidence in contravention of Ind.Evidence Rule 404(b). Evid.R. 404(b) prohibits introducing evidence of other crimes, wrongs or acts in order to show action in conformity therewith. At trial, a police officer was allowed to testify that Sledge told the CI "I'm trying to get back to where I was" and "I went from 40 to 9." Record at 426. According to Sledge, this was impermissible evidence of prior drug dealing which requires reversal. We disagree.

"In determining whether the introduction of this evidence warrants reversal, we must assess the probable impact of the evidence upon the jury." *Lannan v. State,* 600 N.E.2d 1334, 1341 (Ind.1992). We conclude the above statements are obscure references, at best, to prior drug-dealing. The impact of these vague statements, if any, was minimal. Accordingly, we conclude reversal of Sledge's convictions is not warranted.

Affirmed.

HOFFMAN and BAKER, JJ., concur.