Thomas O. MOORE, Appellant–
Defendant,

v.

STATE of Indiana, Appellee.

No. 48A04–9711–CR–473.

Court of Appeals of Indiana.

July 24, 1998.

Transfer Denied Sept. 22, 1998.

H. Erskine Cherry, Anderson, Patrick R. Ragains, Smith, Ragains & Cotton, Anderson, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

SULLIVAN, Judge.

Appellant, Thomas O. Moore (Moore), by this interlocutory appeal challenges the denial of his motion to dismiss the charge of Attempted Criminal Deviate Conduct.

We affirm.

The interlocutory appeal presents one issue, which we restate as follows:

Whether double jeopardy considerations preclude retrial upon the charge of Count I, Attempted Criminal Deviate Conduct, in

light of his conviction upon Count II, the included offense of Criminal Confinement.

In 1989, Moore was convicted of Count I, Attempted Criminal Deviate Conduct,[1] and Count II, Criminal Confinement.[2] In 1991, this court reversed the Attempted Criminal Deviate Conduct conviction due to the trial court's refusal to give a jury instruction upon the included offense of battery. *Moore v. State*, 573 N.E.2d 483 (Memorandum Decision upon Petition for Rehearing).

In 1993, Moore was once again convicted upon Count I. The facts supporting Moore's conviction for Attempted Criminal Deviate Conduct are recited in *Moore v. State* (1995) Ind.App., 653 N.E.2d 1010, 1014, *trans. denied*, in which the second conviction was reversed due to improper admission of a prior unrelated crime. In reaching the decision, this court held that if Moore was convicted upon retrial for attempted criminal deviate conduct, the confinement conviction would become an included offense of the greater crime. *Id.* at 1020. Such a result was mandated because permitting both convictions to stand would have subjected Moore to multiple punishments for the same occurrence. *Id.*

On November 13, 1996, Moore filed a motion to dismiss Count I upon double jeopardy grounds. The trial court denied the motion and ·certified the matter for interlocutory appeal on November 7, 1997.

We accept the issue as phrased by the trial court in its certification:

"Whether the defendant's conviction on Count II, Criminal Confinement, a class D[B] felony a lesser included offense of Count I, Attempted Criminal Deviate Conduct, a Class A felony, precludes a retrial upon reversal of the defendant's conviction on Count I in *Moore v. State*, [653] N.E.2d 1010 (Ind.Ct.App.1995) and pursuant to the Motion to dismiss filed on May 13, 1996?" Record at 394.

## *MULTIPLE PROSECUTIONS*

■ Moore contends that retrial upon the charge of Attempted Criminal Deviate

---

1. I.C. 35–41–5–1 (Burns Code Ed. Repl.1985) and I.C. 35–42–4–2 (Burns Code Ed. Repl.1985).

2. I.C. 35–42–3–3 (Burns Code Ed. Repl.1985).

Conduct violates his right to be free from multiple prosecutions for the same offense. We disagree. The prohibition against double jeopardy protects against three specific harms: (1) reprosecution for the same offense after acquittal; (2) reprosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Grinstead v. State* (1997) Ind., 684 N.E.2d 482, 485. Moore's argument that double jeopardy precludes retrial fails because his conviction for Attempted Criminal Deviate Conduct was reversed upon grounds other than sufficiency of the evidence. *Van Donk v. State* (1997) Ind.App., 676 N.E.2d 349, 352.

As noted in *Moore, supra,* 653 N.E.2d at 1019:

> "The retrial of a defendant upon a charge is not necessarily a 'punishment.' Indeed, once a court has vacated the conviction of an accused to grant a new trial, that person is placed in a position as if he had never been tried upon that charge at all. (Citation omitted). It is only where a conviction has been premised upon the insufficiency of the evidence that retrial is barred."

### INCLUDED OFFENSE

The State maintains that the case law upon which this Court relied to determine that Moore's conviction for confinement became an included offense has been overruled. It contends that convictions for Confinement and Attempted Criminal Deviate Conduct would not subject Moore to double jeopardy because each statute contains elements which require proof of an additional fact which the other does not require. *See Games v. State* (1997) Ind., 684 N.E.2d 466, 477, *opinion modified on other grounds, Games v. State* (1997) Ind., 690 N.E.2d 211.

■ We disagree with this conclusion for two reasons: (1) the State has construed the holding in *Games* too narrowly; and (2) recent Supreme Court precedent regarding jury instructions mandates that an offense be considered a factually included offense if the charging instrument alleges that the *means* used to commit the crime charged includes all of the elements of the alleged included offense.

To support a conviction for Criminal Confinement as a class D felony, under the circumstances presented, the State must prove that Moore: (1) knowingly or intentionally; (2) confined another person; (3) without her consent. To convict Moore for Attempted Criminal Deviate Conduct as a class A felony, the State must prove that he: (1) knowingly or intentionally; (2) took a substantial step; (3) using either force or threat of force to compel a person; (4) to perform or submit to; (5) deviate sexual conduct; (6) while armed with a deadly weapon.

The State is correct in maintaining that the element of "deviate sexual conduct" is a separate and distinct element not found within the statutory definition of Confinement. However, we disagree with the State's contention that "confinement" is a separate and distinct statutory element not present in any of the statutory elements defining the crime of Attempted Criminal Deviate Conduct.

In *Games*, the Indiana Supreme Court adopted the "same elements" test in interpreting double jeopardy challenges premised upon multiple punishments. The Court held that, in determining whether multiple convictions violated double jeopardy, courts should look only to the "statutory elements of the offenses, not to the charging information, the jury instructions outlining the elements of the crime, or the underlying proof needed to establish the elements." *Games, supra,* 684 N.E.2d at 477.

■ The State interprets *Games* as holding that double jeopardy analysis is limited to a strict comparison of specific statutory terms used to define the elements of each crime. We hold that such interpretation of *Games* is overly narrow and incorrectly limits the focus of double jeopardy analysis to the presence of precise vocabulary terms. Instead, we read *Games* and its progeny to direct trial courts to include in its comparison of the statutory elements an inquiry as to whether facially distinct elements are truly distinct before permitting multiple convictions.

In this instance, the State contends double jeopardy is not implicated because the ele-

ment of confinement is not present in the offense of Attempted Criminal Deviate Conduct. Indiana Supreme Court analysis regarding the existence of included offenses, however, leads to the opposite conclusion.

In *Goudy v. State* (1997) Ind., 689 N.E.2d 686, 698, *reh'g denied*, our Indiana Supreme Court held that carjacking was an included offense of robbery, as a class A felony.

Robbery, as a Class A felony, is defined as:
"A person who knowingly or intentionally takes property from another person or from the presence of another person:

(1) by using or threatening the use of force on any person; or

(2) by putting any person in fear;

commits robbery ... [as a] class A felony if it results in serious bodily injury to any person other than a defendant." I.C. 35–42–5–1 (Burns Code Ed. Repl.1985).

Carjacking, as a class B felony, is defined as:
"A person who knowingly or intentionally takes a motor vehicle from another person or from the presence of another person:

(1) by using or threatening the use of force on any person; or

(2) by putting any person in fear;

commits carjacking, a class B felony." I.C. 35–42–5–2 (Burns Code Ed. Supp. 1993).

Under the State's interpretation of *Games*, convictions for both Carjacking and Robbery would have been permissible because Carjacking and Robbery each contain elements not present in the other. (Robbery includes the taking of "property", while Carjacking includes the taking of a "motor vehicle").

The Court in *Goudy*, however, clearly looked past facial differences between the statutory elements of "property" and "motor vehicle" to reach its decision. Instead of conducting a strict and cursory comparison of dictionary terms, the Court determined that because the property taken *was* a motor vehicle, "property" and "motor vehicle" could not be treated as distinct statutory elements. The Court's decision entailed a type of case-by-case, substantive comparative analysis of the elements of "property" and "motor vehi-

cle", which the State would argue is prohibited by *Games*. The Court stated:

"In vacating the conviction in this case, we emphasize that Carjacking would not necessarily always be an included offense within Robbery. If a person was convicted of Carjacking for the taking of a motor vehicle and of Robbery for the taking of some *other* property, then ordinarily no "included offense" problems would arise. However, in this case, the Attempted Carjacking charge and the Attempted Robbery Charge had identical elements of proof, both being based upon the taking of the same motor vehicle." *Id.* at 698.

A reading of *Games* in an unduly narrow context might lead some to conclude that it stands for the proposition that if separate statutes *each* contain at least one element which has the capacity to exist independent of any of the other statute's elements, double jeopardy is not implicated. For example, numerous behaviors or acts *other* than confinement might well establish the occurrence of the "substantial step" element contained in the Attempted Criminal Deviate Conduct statute. Therefore, it would be claimed that "confinement" and "substantial step" are distinct elements, and convictions upon both statutory crimes pose no double jeopardy problems.

However, *Goudy* directly contradicts such a narrow interpretation of *Games*. *Goudy* held that despite the fact that the element of "property" could consist of items other than a "motor vehicle", when the charge alleged that the only "property" taken was a "motor vehicle", the two elements were not distinct, and Carjacking was an included offense of Robbery.

■ Our case is similar in that the only means by which Moore was charged with the "substantial step" to force his victim to commit a deviate sexual act was by "confining" her. Because "confinement" was the "substantial step" by which Moore attempted to commit Criminal Deviate Conduct, they may not be considered to be distinct statutory elements.

■ *Games* states that, when it is clear that separate statutes each require proof of

an additional fact which the other does not, conviction upon both offenses does not constitute a double jeopardy violation. *Games, supra,* 684 N.E.2d at 477. The term additional "fact", in this context, refers to the fact of the existence of an additional statutory element, not the underlying facts required to prove the additional element's existence. In the context of a defendant's right to know and prepare a defense against the accusation against him, our Supreme Court in *Kelly v. State* (1989) Ind., 535 N.E.2d 140, 142 (quoting from *Abner v. State* (1986) Ind., 497 N.E.2d 550, 553) stated the concept as follows:

"In a criminal action, the facts upon which the action is claimed to exist are those facts which constitute the essential elements of the crime charged. These elements and the nature of the offense must be set out in the information."

In *Games,* the additional statutory elements which permitted multiple convictions for Murder and Robbery were a killing, which was a *required* element of Murder, and the taking of property, which was a *required* element of Robbery.

In this instance, the elements constituting the crime of Confinement did not require proof of the existence of an additional element not contained in the statute defining Attempted Criminal Deviate Conduct because the "substantial step" element of Attempted Criminal Deviate Conduct was, under the analysis employed in *Goudy,* the "confinement" element present in the statutory elements defining Confinement. To be sure, as the Indiana Supreme Court alluded to in *Goudy,* if Moore had been charged with employing a means other than "confinement" as his "substantial step" toward forcing his victim to perform a deviate sexual act, then no double jeopardy violation would exist. That is not the case before us. Therefore, Confinement must be considered an included offense of the crime of Attempted Criminal Deviate Conduct.

Next, we conclude that the Indiana Supreme Court's decision in *Wright v. State* (1995) Ind., 658 N.E.2d 563, *reh'g denied,* supports our holding that, in this instance, Confinement must be considered an included offense of Attempted Criminal Deviate Conduct, and, as such, double jeopardy precludes conviction upon both offenses.

*Wright* sets forth the analysis a trial court must perform when determining whether a defendant is entitled to a jury instruction for an alleged factually included offense of the crime charged:

"[I]f a trial court determines that an alleged lesser included offense is not inherently included in the crime charged ... then it must compare the statute defining the alleged lesser included offense with the *charging instrument* in the case. If the charging instrument alleges that the *means* used to commit the crime charged include all of the elements of the alleged lesser included offense, then the alleged lesser included offense is *factually* included in the crime charged...." *Id.* at 567. (Emphasis supplied).

■■■■ Therefore, a defendant is entitled to an included offense instruction when the means used to commit the crime charged, as adduced from the charging instrument, includes all of the statutory elements of the alleged included offense. In other words, in order to conduct the "correct analysis" to determine the propriety of a factually included lesser offense instruction, the Indiana Supreme Court has directed trial courts to first examine the means used to commit the crime charged as adduced from the charging instrument. If those means include all of the statutory elements of the included offense, then the defendant may be entitled to an included offense instruction. *Wright's* holding has been consistently followed by both the Indiana Supreme Court and the Indiana Court of Appeals. *See Stevens v. State* (1997) Ind., 691 N.E.2d 412, 426, *reh'g denied; Wright v. State* (1997) Ind., 690 N.E.2d 1098, 1108, *reh'g denied; Anderson v. State* (1997) Ind., 681 N.E.2d 703, 708; *Stringer v. State* (1998) Ind.App., 690 N.E.2d 788, 790, *trans. denied;* and *Sledge v. State* (1997) Ind.App., 677 N.E.2d 82, 85.

Logic dictates that if a trial court concludes after conducting a *Wright* analysis that a defendant charged with the statutory offense "A" is entitled to an instruction for

the included statutory offense "B", that "B" is a factually included offense of "A".

■ Both the Indiana Supreme Court and the Indiana Court of Appeals have consistently held that double jeopardy precludes sentencing upon both a greater offense and its included offense. *See Hobson v. State* (1996) Ind., 675 N.E.2d 1090, 1094; *Zenthofer v. State* (1993) Ind., 613 N.E.2d 31, 35; *Redman v. State* (1997) Ind.App., 679 N.E.2d 927, 930, *trans. denied;* and *Wilson v. State* (1993) Ind.App., 611 N.E.2d 160, 166, *trans. denied.*

In light of the well-settled prohibition against convictions for both a greater offense and its included offense, if a *Wright* analysis determines that crime "B" is an included offense of crime "A", then double jeopardy precludes convictions for both.

It is at this point where the holdings in *Games* and *Wright* appear to be in direct conflict. *Games* held that, in determining whether convictions upon two separate statutes violated the double jeopardy prohibition against multiple punishments:

> "[W]e look only to the statutory elements of the offenses, not to the charging information, the jury instructions outlining the elements of the crime, or the underlying proof needed to establish the elements." *Games, supra,* 684 N.E.2d at 477.

However, *Wright* held that when determining whether a statutory offense is to be considered a factually included offense of the crime charged, the court must:

> "compare the statute defining the alleged lesser included offense with the charging instrument in the case. If the charging instrument alleges that the means used to commit the crime charged include all of the elements of the alleged lesser included offense, then the alleged lesser included offense is factually included in the crime charged." *Wright, supra,* 658 N.E.2d at 567.

As previously noted, double jeopardy precludes convictions upon a greater offense and its factually included lesser offense. *Wright* tells us we must look to the charging instrument and the means used to commit the crime charged to determine if an alleged

included offense is factually included in the crime charged. However, *Games* tells us we must never look at the charging information or the underlying proof needed to establish the elements in determining if double jeopardy precludes convictions upon two statutory offenses. Common sense tells this court that both standards cannot coexist in the same double jeopardy analysis universe.

One might attempt to argue that *Games* and *Wright* are not inconsistent because the former relates to double jeopardy concerns and the latter only relates to a defendant's entitlement to instructions. Such distinction, however, would seem to be artificial at best.

A careful and responsible analyst of the law could not credibly maintain that, although a defendant is entitled to, and receives, an included offense instruction, he thereby invites the jury to convict upon *both* the greater and the included offenses. To do so would require a corollary conclusion that when only the greater offense has been charged, the State may request and receive an instruction upon an included offense in order to gain a conviction upon both the charged crime and the uncharged but clearly included lesser offense. One recent case might, at first blush, appear to lend support to this concept. In *Emerson v. State*, Ind., 695 N.E.2d 912, our Supreme Court denied relief to a defendant who had been charged with Class C battery in that he "STRUCK, STABBED AND CUT [the victim] by means of deadly weapons, to wit: STICKS AND A KNIFE . . . ." The jury was instructed that they might return a guilty verdict if the offense were committed either with a deadly weapon *or* resulted in serious bodily injury. The Court of Appeals had held that the instruction erroneously and prejudicially permitted a verdict involving serious bodily injury when such had not been charged. *Emerson v. State* (1996) Ind.App., 675 N.E.2d 721. In reversing this court, the Supreme Court analogized the posture of the case to *Potter v. State* (1997) Ind., 684 N.E.2d 1127, in which a rape instruction defined the crime more broadly than as charged in the information. The *Potter* court held that the instruction was in fact erroneous but that no prejudice occurred because the jury was informed

that a conviction would lie only if the defendant committed the specific acts as charged. In *Emerson*, however, the court sought to distinguish the conviction reversal in *Kelly v. State* (1989) Ind., 535 N.E.2d 140 upon grounds that the crux of the decision in *Kelly* was that the State had not tendered evidence sufficient to prove the crime confinement as charged [i.e., confinement without consent while armed with a deadly weapon] but had offered evidence tending to prove the crime as erroneously instructed [i.e., confinement by removal]. In actuality, however, and *as* explicitly noted in *Potter*, "the evidence presented at trial and argued by the State [in *Kelly* ] could have equally supported either theory of criminal confinement, and the verdict did not specify which." *Potter, supra,* 684 N.E.2d at 1132. Such proposition would constitute a patent violation of the long-standing principle that conviction may be had for a greater crime or for an included crime but not both.

In order to avoid the obvious, the State might assert that dual convictions are not permissible unless the included offense was the subject of a separately charged crime. Any such attempt to cure the problem by alleging the included offense as a separate free-standing and seemingly independent charge must be rejected.

At one time, the law of this state permitted the prosecution to draft charges so as to preclude a defendant from obtaining an instruction upon an included offense. *See Hoskins v. State* (1990) Ind., 563 N.E.2d 571; *Jones v. State* (1982) Ind., 438 N.E.2d 972; *Meriweather v. State* (1995) Ind.App., 659 N.E.2d 133. The caselaw invitation to that tactic or practice, however, was withdrawn and all but destroyed in *Wright, supra,* 658 N.E.2d at 570. The court there said:

> "[Prior cases] stand for the misstatement of the law that if a charging instrument closely tracks the statutory language defining the crime charged, a trial court should *never* instruct a jury on a lesser included offense. What is clear, however, from

[*Jones v. State* (1982) Ind., 438 N.E.2d 972] is that the State may only foreclose instruction on a lesser offense that is not inherently included in the crime charged by omitting from a charging instrument the factual allegations sufficient to charge the lesser offense." (Emphasis in original).

It therefore becomes clear that if the greater offense is charged in a manner so as to also allege a factually included offense, whether or not the included offense is also alleged in a separate count as an "independent" crime, the defendant is not only afforded the protection of seeking and receiving a jury instruction upon the included offense, but is also afforded the protection against dual convictions for the greater and the lesser offense.

In sum, several principles seem to remain intact and unassailable. A defendant is entitled to know the specific charges against him. He is entitled to be convicted only upon offenses charged. If a charge of a crime includes a lesser offense, he is entitled to an instruction upon the included offense. If a defendant is charged with a greater and an included offense, he may be convicted of one or the other but not both.

Be that as it may, because this court is not the proper forum to decide which analysis should prevail, we will continue to apply, when possible, the rationale employed in both *Games* and *Wright.* In this instance, both cases support our previous determination that Confinement is an included offense of the crime of Attempted Criminal Deviate Conduct.[3]

The decision of the trial court is affirmed.

KIRSCH, J., concurs.

BAKER, J., concurs in result with separate opinion.

BAKER, Judge, concurring in result.

I agree that the trial court properly denied Moore's motion to dismiss but write separately to express a rationale other than that

---

**3.** We note that our holdings in *Redman, supra,* 679 N.E.2d at 932, and in *Taflinger v. State,* Ind.App., 698 N.E.2d 325, state that the proper procedure for the trial court to follow before conducting the retrial upon the charge of the greater offense is to vacate the conviction upon the included offense.

espoused in the majority opinion. While I do not necessarily disagree with the majority's discussion regarding lesser-included offenses and the application of double jeopardy principles in this case, it is my view that the sole issue before us in this appeal is whether Moore may be retried for Attempted Criminal Deviate Conduct following a reversal of his conviction for that offense, even though the jury has convicted him of Criminal Confinement.

Although the majority notes that both this court and our supreme court have held that double jeopardy principles prohibit a conviction and sentence for both a greater offense and its factually included lesser offense, see op. at 1207–08, Moore has not yet been convicted or sentenced for Attempted Criminal Deviate Conduct in light of our reversal of that offense. As the United States Supreme Court recognized in *Richardson v. United States,* 468 U.S. 317, 325, 104 S.Ct. 3081, 3086, 82 L.Ed.2d 242 (1984), double jeopardy protects against a retrial "only if there has been some event, such as an acquittal, that terminates the original jeopardy." When it comes to a trial error, a reversal says nothing about the innocence or guilt of the defendant. *Henderson v. State,* 686 N.E.2d 911, 915 (Ind.Ct.App.1997). Moreover, this court observed in Moore's second appeal that "once a court has vacated the conviction of an accused to grant a new trial, that person is placed in a position as if he had never been tried upon that charge at all." *Moore v. State,* 653 N.E.2d 1010, 1019 (Ind.Ct.App. 1995), *trans. denied; see also State v. Klinger,* 698 N.E.2d 1199 (Ind.Ct.App.1998) (retrial on greater charge following hung jury on that charge is permissible under theory of continuing jeopardy even though defendant was convicted of lesser-included offense).

In my view, Moore may be reprosecuted for Attempted Criminal Deviate Conduct without running afoul of double jeopardy prohibitions, and such a result is dictated by our decision in *Redman v. State,* 679 N.E.2d 927 (Ind.Ct.App.1997), *trans. denied.* In *Redman,* the defendant was convicted of attempted murder and aggravated battery, where the aggravated battery offense was found to be a lesser-included offense of attempted murder. *Id.* at 931. On appeal, this court reversed the defendant's conviction for attempted murder based on an improper instruction, but affirmed the conviction for aggravated battery. *Id.* at 927. Following the reversal, Redman moved to dismiss the attempted murder charge, claiming that double jeopardy principles barred a retrial. *Id.* at 928. We disagreed and observed as follows:

> [N]o double jeopardy interest of Redman is offended by the retrial contemplated here. Therefore, this also constitutes an exception to the principle that a previous conviction on an included offense will bar, because of double jeopardy, a subsequent retrial on the greater offense. The conviction on the included offense here does not carry with it the implied acquittal of the greater offense which a simple conviction on the included offense usually does. In fact, Redman was convicted of the greater offense. It would be a miscarriage of justice to allow Redman to successfully appeal his attempted murder conviction and then forbid the State from pursuing a new trial simply because, inherent in the conviction for attempted battery, the State had *succeeded* in proving some of the elements of the attempted murder.

*Id.* at 931 (emphasis in original).

As in *Redman,* the double jeopardy clause does not bar the State from retrying Moore on Attempted Criminal Deviate Conduct even though the jury convicted him of Criminal Confinement. Only if Moore is convicted of Attempted Criminal Deviate Conduct might the question arise in a subsequent appeal as to whether the conviction and sentence for both may stand. As a result, I vote to affirm the trial court's denial of Moore's motion to dismiss and would conclude that retrying Moore on the offense of Attempted Criminal Deviate Conduct is not a violation of double jeopardy.