William T. PHILLIPS, Jr., Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 02S00–9811–CR–745.

Supreme Court of Indiana.

Nov. 10, 1999.

---

Mark A. Thoma, Deputy Public Defender, Fort Wayne, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

SHEPARD, Chief Justice.

A jury found appellant William T. Phillips, Jr. guilty of murdering Jerry J. Cassell, and the trial court imposed the presumptive sentence of fifty-five years. Phillips appeals, claiming prosecutorial misconduct and improper admission of character evidence. We affirm.

### Facts

At about 3:00 in the afternoon on April 9, 1998, Phillips shot and killed Cassell in Phillips' home. Neighbors saw Cassell enter the house and cuss loudly. Phillips then shot Cassell once in the left eye with a shotgun fired at close range. Cassell fell backward onto the front porch. Phillips dragged the body inside onto a rug and then shut the door. He put on rubber gloves, cleaned the porch, tore up the rug, put it in the basement, took the shotgun apart, hid it under the couch, and put the spent shotshell casing into the living room heat register.

When the police came to his house, he attempted to hide in the attic. He then approached an officer and admitted that he had killed Cassell.

### I. Prosecutorial Misconduct

Phillips contends that several of the prosecutor's remarks during closing argument constituted misconduct and warranted reversal. Specifically, he points to evidence supporting the theory that there

were two sets of keys to Phillips' house, one of which Phillips claims the victim used the night he was killed, and complains that the prosecutor repeatedly said only one set of keys was recovered.

Phillips' counsel objected to the prosecutor's comments the first time they were uttered, and the trial judge issued an admonition sua sponte, telling the jury to rely on its memory of the evidence. The prosecutor then continued in the same vein, making the same comments to which Phillips' counsel had already objected. While defense counsel did not renew his objection or request an additional admonishment, he did counter the prosecutor's characterization of the facts with his own version.

■ A defendant must do more than simply object promptly to alleged errors in closing argument. "To preserve an issue regarding the propriety of closing argument for appeal, a defendant ... must also request an admonishment, and if further relief is desired, defendant must move for a mistrial." *Wright v. State*, 690 N.E.2d 1098, 1111 (Ind.1997) (citing *Zenthofer v. State*, 613 N.E.2d 31, 34 (Ind.1993)). Failure to request an admonition results in waiver of the issue. *Zenthofer*, 613 N.E.2d at 34; *see also Stacker v. State*, 264 Ind. 692, 348 N.E.2d 648, 651 (1976).

■ Here, Phillips' counsel objected, but did not request an admonition, probably because the court gave one so promptly that a request was not necessary. We deem the issue preserved.

As for the merits of the claim, Phillips' counsel correctly cites the standard for assessing claims of prosecutorial misconduct under *Maldonado v. State*, 265 Ind. 492, 355 N.E.2d 843 (1976) (grave peril measured by the probable persuasive effect of the misconduct on the jury). The claim presented by Phillips fails as grounds for reversal at the very beginning of that test: was there misconduct?

■ At trial, counsel for the parties vigorously disputed how many sets of keys

there were, when and where the keys were recovered, which ones were in evidence, and so on. Each lawyer disagreed with the other's characterization of the evidence, but both seemed to have a basis in the evidence for their positions. There was no misconduct. Judge Gull reminded the jury it should rely on its own memory of the evidence to sort out this dispute giving the matter the attention it warranted.

## II. Evidence of Prior Altercation Between Defendant and Victim

Defense counsel claims error in the admission of evidence of "a prior physical altercation between Mr. Cassell and Mr. Phillips." (Appellant's Br. at 15.) He argues that the evidence is inadmissible under Indiana Evidence Rule 404(b).

■ Rule 404(b) provides that evidence of other misconduct may not be admitted to prove that a defendant acted in conformity with a certain character trait. The rule was designed to prevent finders of fact from assessing present guilt on a defendant's past propensities. *Hicks v. State*, 690 N.E.2d 215 (Ind.1997). Evidence of such misconduct may, however, be admissible for "other purposes," such as proof of intent or motive. Evid.R. 404(b). The State asserts that evidence of the altercation between Phillips and Cassell is admissible to prove that Phillips intended or had motive to murder the victim.

■ The analysis of admissibility under Rule 404(b) incorporates the relevancy test of Rule 401 and the balancing test of Rule 403. *Hicks*, 690 N.E.2d at 221. First "the court must determine that the evidence of other crimes, wrongs, or acts is relevant to a matter at issue other than the defendant's propensity to commit the charged act; and [second,] the court must balance the probative value of the evidence against its prejudicial effect pursuant to Rule 403." *Id.*

**812**

Relevant evidence is that which has any tendency to make a fact of consequence more or less probable. Evid.R. 401. The fact that Phillips fought with Cassell less than one week before he killed him certainly has some tendency to make it more probable that the killing was intentional. The evidence shows "the relationship between the parties and, more precisely, a 'paradigmatic motive' for committing the crime-hostility." *McEwen v. State,* 695 N.E.2d 79, 87–88 (Ind.1998) (quoting *Hicks,* 690 N.E.2d at 222). We therefore move along to the issue of the probative-prejudicial balance.

Relevant evidence is admissible unless its probative value is substantially outweighed by the danger of unfair prejudice. Evid.R. 403. We review this balance for an abuse of discretion. *Hicks,* 690 N.E.2d at 223. We cannot say that the trial court abused its discretion here. While the information may have been slightly prejudicial, the evidence was highly probative of Phillips' animosity toward the victim, his motive, and his intent to kill, as the State asserts. The evidence was properly admitted.

### Conclusion

For the foregoing reasons, we affirm Phillips' conviction.

DICKSON, SULLIVAN, and BOEHM, JJ., concur.