**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**MICHELLE F. KRAUS**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GARY R. ROM**
Deputy Attorney General
Indianapolis, Indiana

**FILED**
May 16 2012, 9:22 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

LOWELL JONES,                                    )
                                                 )
    Appellant-Defendant,                         )
                                                 )
            vs.                                )    No. 02A03-1109-CR-481
                                                 )
STATE OF INDIANA,                                )
                                                 )
    Appellee-Plaintiff.                          )

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D06-1104-FB-75

**May 16, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Lowell Jones appeals his convictions for class B felony dealing in cocaine and class D felony resisting law enforcement. The sole issue presented for our review is whether the trial court abused its discretion in refusing to give Jones's proffered jury instruction on class D felony possession of cocaine as a lesser included offense of class B felony dealing in cocaine. Finding no abuse of discretion, we affirm.

**Facts and Procedural History**

Catherine Sarson acted as a confidential informant for the Fort Wayne Police Department. On April 6, 2011, Sarson contacted Jones and asked him if she could "get a 50," meaning if she could purchase fifty dollars worth of crack cocaine from him. Tr. at 131. Jones agreed to meet Sarson in the back parking lot of the Stein Tavern in order to sell her the cocaine. Sarson was searched by a female police officer, outfitted with a wire transmitter, and given a recorded fifty-dollar bill. Sarson drove with Fort Wayne Police Detective Jeff Ripley to the Stein Tavern.

Upon reaching the tavern, Detective Ripley and Sarson parked in the back parking lot and waited for Jones to arrive. Eventually, Jones drove his vehicle into the tavern parking lot. Sarson exited her vehicle and entered Jones's vehicle. Jones then drove his vehicle to the front of the tavern and parked. Sarson asked Jones "did you get my stuff?" and handed him the fifty-dollar bill. *Id.* at 136. Jones got out of the vehicle and asked Sarson to go inside the tavern with him. Sarson accompanied Jones to the front door of the tavern. While at the tavern doorway, Jones handed Sarson half a gram of cocaine wrapped in cellophane.

2

Undercover Fort Wayne Police Detective Shane Heath, who was conducting surveillance of the transaction, observed Jones deliver the cocaine to Sarson. Sarson immediately returned to Detective Ripley's vehicle and gave him the cocaine.

After Jones returned to his vehicle and exited the tavern parking lot, police officers followed his vehicle, activated their emergency lights, and attempted to make a stop of his vehicle. Jones did not stop but accelerated as the officers pursued him. Jones subsequently crashed into a pole, took off running, and was eventually apprehended by an officer on foot. When Jones was arrested and searched, officers discovered in his possession the recorded fifty-dollar bill that Sarson had given him.

On April 12, 2011, the State charged Jones with class B felony dealing in cocaine and class D felony resisting law enforcement. A jury trial was held on August 10, 2011. Following the presentation of evidence, Jones tendered a jury instruction on possession of cocaine as a lesser included offense of dealing in cocaine. The trial court refused to give the instruction. The jury found Jones guilty as charged. This appeal ensued.

**Discussion and Decision**

Jones's sole contention on appeal is that the trial court abused its discretion when it refused to give his tendered jury instruction on class D felony possession of cocaine as a lesser included offense of class B felony dealing in cocaine. Trial courts should perform a three-part test when called upon by a party to instruct on a lesser included offense of the crime charged. *Webb v. State*, 963 N.E.2d 1103, 1106 (Ind. 2012) (citing *Wright v. State*, 658 N.E.2d 563 (Ind. 1995)). Specifically,

First, the trial court must compare the statute defining the crime charged with the statute defining the alleged lesser included offense to determine if the alleged lesser included offense is inherently included in the crime charged. Second, if a trial court determines that an alleged lesser included offense is not inherently included in the crime charged under step one, then it must determine if the alleged lesser included offense is factually included in the crime charged. If the alleged lesser included offense is neither inherently nor factually included in the crime charged, the trial court should not give an instruction on the alleged lesser included offense. Third, if a trial court has determined that an alleged lesser included offense is either inherently or factually included in the crime charged, "it must look at the evidence presented in the case by both parties" to determine if there is a serious evidentiary dispute about the element or elements distinguishing the greater from the lesser offense and if, in view of this dispute, a jury could conclude that the lesser offense was committed and not the greater. "[I]t is reversible error for a trial court not to give an instruction, when requested, on the inherently or factually included lesser offense" if there is such an evidentiary dispute.

*Id.* (internal citations omitted).

The parties agree that possession of cocaine is an inherently lesser included offense of dealing in cocaine. *See Hardister v. State*, 849 N.E.2d 563, 576 (Ind. 2006). Accordingly, it is appropriate to proceed to the third step of the analysis to determine if there is a serious evidentiary dispute about the elements distinguishing the lesser offense from the greater offense. *True v. State*, 954 N.E.2d 1105, 1108 (Ind. Ct. App. 2011). As stated above, when addressing the question of whether there is a serious evidentiary dispute, the trial court must evaluate the evidence presented by both parties. *Fisher v. State*, 810 N.E.2d 674, 680 (Ind. 2004). When the trial court has made an express finding on the existence or lack of such a dispute, our standard of review for a lesser included offense instruction is abuse of discretion. *True*, 954 N.E.2d at 1108. This deference reflects and recognizes the trial court's proximity to the evidence. *Champlain v. State*, 681 N.E.2d 696, 700 (Ind. 1997).

While possession involves knowingly or intentionally possessing cocaine, dealing cocaine involves the knowing delivery of cocaine. *See Sledge v. State*, 677 N.E.2d 82, 85 (Ind. Ct. App. 1997); Ind. Code § 35-48-4-6 (possession); Ind. Code § 35-48-4-1 (dealing). Thus, the trial court was required to determine whether there was a serious evidentiary dispute concerning whether Jones delivered the cocaine as opposed to merely possessing it. Following a lengthy discussion with counsel regarding the evidence presented by both parties, the trial court specifically found,

> After listening to the evidence I am making a factual finding on the record that there is a lack of serious evidentiary dispute here that would conclude that the Defendant was merely possessing and not delivering. In fact, the Defendant's theory does not support nor is there any evidence in the record of mere possession. I believe to give this instruction would be clearly misleading the jury.

Tr. at 279.

As noted by the trial court, Jones presented no evidence to refute the State's evidence that Jones delivered cocaine to Sarson. Although Jones testified that he was a drug "user" and denied being a drug "dealer," he did not deny his intent to deliver cocaine to Sarson, nor did he dispute his actual delivery of cocaine to Sarson. *Id*. at 261, 263. Indeed, there was no evidence presented by either party that would support a reasonable inference that Jones merely possessed cocaine, and therefore there was no serious evidentiary dispute regarding the element of delivery. The trial court did not abuse its discretion when it refused to give Jones's tendered jury instruction.

Affirmed.

VAIDIK, J., and BRADFORD, J., concur.

5