Hollis MANNA, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 1281S371.

Supreme Court of Indiana.

Oct. 7, 1982.

Susan K. Carpenter, Public Defender, Paul Levy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of Murder in Perpetration of a Robbery, Ind. Code § 35–13–4–1(a) (Burns 1975) and was sentenced to life imprisonment.

On July 28, 1967, two witnesses independently observed Defendant and the victim struggling in a Gary alley. The victim was knocked to the ground and did not arise. One witness heard the assailant, identified by each witness as the defendant, demand money and a watch from the victim. That witness then called the police. As a private automobile entered the alley, followed immediately by a police patrol car, the defendant fled. The private automobile ran over the victim before the driver could stop the car. Defendant was arrested a short distance away, carrying the decedent's watch.

Defendant contends that the State failed to prove that Defendant caused or contributed to decedent's death. He also argues that the proof at trial fatally varied from the indictment.

A pathologist testified that the decedent died from a combination of injuries, including severe chest fractures and brain damage. The chest injury was the more severe injury and was caused by the automobile passing over the victim. The head injuries had not been caused by the automobile, but the pathologist was unable to determine, with certainty, whether they had been caused by repeated blows from a fist, or inflicted indirectly. However, the defendant may not avoid responsibility since his acts were also factors in the victim's demise.

 Three witnesses testified that they saw Defendant struggle with the victim and then depart leaving the victim lying in the alley. An individual who inflicts injury upon another is guilty if the injury directly contributes mediately or immediately to the death of that person. *Miller v. State,* (1975)

263 Ind. 595, 335 N.E.2d 206; *Thomas v. State,* (1982) Ind., 436 N.E.2d 1109, *Bivins v. State,* (1970) 254 Ind. 184, 258 N.E.2d 644. At trial, Defendant denied striking the decedent and presented a different version of the events, but the jury chose to believe the State's witnesses. The proof was that all the wounds caused the death and that the head wounds were not caused by the automobile. The jury also had before it evidence that Defendant had been at the scene of the crime and had fled. Such evidence may be considered as circumstantial evidence of a consciousness of guilt. *Frith v. State,* (1975) 263 Ind. 100, 325 N.E.2d 186. The jury could reasonably have concluded that the defendant struck the deceased and thereby rendered him unconscious or otherwise unable to extricate himself from the path of the oncoming automobile that eventually struck him. Under such circumstances it is immaterial whether the death resulted from the blows from the defendant or the injuries occasioned by the automobile. In either event, the death was the result of the defendant's acts committed in the perpetration of a robbery.

Defendant seeks to distinguish his case from *Booker v. State,* (1979) Ind., 386 N.E.2d 1198, in that, in *Booker* there had been no extraneous event intervene between the injury and the death; whereas, in the present case an extraneous factor, the automobile, intervened. This will not suffice. Defendant was reasonably found to have caused the victim's death although other factors, occurring after the defendant left the victim, may have contributed to the fatal result.

The indictment charged that the defendant murdered the victim by "striking, beating, hitting, and wounding the [decedent] with a certain deadly weapon, the exact nature of which is unknown." Defendant argues that the failure to prove that a deadly weapon was used constituted a fatal variance. Consistency between the allegations charged and the proof adduced is required out of deference for the accused's constitutional right to be informed of the nature and cause of the accusation in sufficient detail to enable him to prepare his defense, to protect him in the event of double jeopardy, and to define the issues so that the court will be able to determine what evidence is admissible and to pronounce judgment. *Bays v. State,* (1959) 240 Ind. 37, 159 N.E.2d 393, *Lewellen v. State,* (1976) 265 Ind. 483, 358 N.E.2d 115. Defendant was not misled in the preparation of his defense and we find no variance between the allegations and the proof that impinged upon the defendant's rights in any of these respects. The allegations of a weapon was mere surplusage.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.