Jason T. KELLY, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 85–S00–8607–CR–692.

Supreme Court of Indiana.

March 17, 1989.

Thomas J. Mattern, Wabash, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant-appellant Jason T. Kelly appeals his convictions for theft, a class D felony, and criminal confinement, a class B felony. Our disposition of this case requires that we address two issues: 1) whether the trial court erred in giving final instructions, over the defendant's timely objection, allowing the jury to convict the defendant of a crime for which he was not charged; and 2) whether the evidence was insufficient to support the criminal confinement conviction.

*Criminal Confinement Instruction*

The criminal confinement charge alleged violation of Ind.Code § 35–42–3–3(a):

(a) A person who knowingly or intentionally:

(1) Confines another person without his consent; or

(2) Removes another person, by fraud, enticement, force, or threat of force, from one (1) place to another;

commits criminal confinement, a Class D felony. However, the offense is a Class C felony if the other person is under fourteen (14) years of age and is not his child, and a Class B felony if it is committed while armed with a deadly weapon or results in serious bodily injury to another person.

■ It is evident that the above statute, framed in the disjunctive, includes two distinct types of criminal confinement by encompassing both confinement by non-consensual restraint in place and confinement by removal. *Addis v. State* (1980), Ind.

App., 404 N.E.2d 59, 60. In *Addis*, Judge Chipman persuasively reasoned as follows:

Under section one of the statute, the act of nonconsensual confinement is prohibited, irrespective of any intent to remove the individual to another location; thus, the elements of the first type of confinement would be:

(1) knowingly or intentionally,

(2) confining another person,

(3) without their consent.

But lack of consent is not an element of confinement under section two. Instead, it would be necessary to show the accused:

(1) knowingly or intentionally,

(2) removed another person from one place to another,

(3) by fraud, or enticement, force, or threat of force.

Clearly different acts and elements are required to be proven in each section, and the defensive posture would not be the same under the respective sections since the prosecution would necessarily proceed under different theories and proof....

... In view of the dissimilarity between the elements of proof under IC 35–42–3–3(a)(1) and (2), we believe the two sections present two separate crimes.

404 N.E.2d at 61 (citation omitted). We agree that the statutory sections define two separate criminal offenses.

The information alleging the criminal confinement for which the defendant was eventually convicted charged that on August 14, 1985, the defendant "did knowingly confine Todd Gates without his consent and while armed with a deadly weapon." The information did not charge the offense of confinement by removal.

The trial court, over the defendant's timely objection, gave the following instructions:

### Final Instruction No. 1

A person who knowingly confines another person or removes another person, by fraud, enticement, force, or threat of force, while armed with a deadly weapon, commits criminal confinement while armed with a deadly weapon. The term "confine" means to substantially interfere with the liberty of another person.

### Final Instruction No. 3

To sustain the charge of criminal confinement while armed with a deadly weapon, the State must prove the following propositions: First: (a) That the Defendant knowingly confined Todd Gates; or (b) Removed Todd Gates, by fraud, enticement, force, or threat of force, from one place to another; and Second: When the Defendant did so he was armed with a deadly weapon. If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt then you should find the defendant guilty. However, if you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the Defendant not guilty.

The defendant argues that the giving of these instructions erroneously enabled the jury to convict him of the offense of confinement by removal under Ind.Code § 35–42–3–3(a)(2), even though he had been charged only with non-consensual confinement under Ind.Code § 35–42–3–3(a)(1). The State argues that the error, if any, was harmless.

■ Article 1, Section 13 of the Constitution of Indiana entitles a criminal defendant to be advised "the nature and cause of the accusation against him, and to have copy thereof." The information which must be included in an indictment or information alleging a criminal offense is delineated in Ind.Code § 35–34–1–2. Among other requirements, an information must state "the name of the offense in the words of the statute or any other words conveying the same meaning" and must set forth "the nature and elements of the offense charged in plain and concise language without unnecessary repetition." Ind.Code § 35–34–1–2(a)(2), (4). In *Abner v. State* (1986), Ind., 497 N.E.2d 550, 553, we recently stated:

In a criminal action, the facts upon which the action is claimed to exist are those facts which constitute the essential elements of the crime charged. These elements and the nature of the offense must be set out in the information. Deference for an accused's constitutional right to be informed of the nature and cause of the accusation and sufficient detail is required "to enable him to prepare his defense, to prepare in the event of double jeopardy, and to define the issues so that the court will be able to determine what evidence is admissible and to pronounce judgment." *Manna v. State* (1982), Ind., 440 N.E.2d 473, 475. If there is a reasonable doubt as to what offenses are charged, the doubt should be resolved in favor of the defendant. *Belcher v. State* (1974), 162 Ind.App. 411, 319 N.E.2d 658.

■ The information charged the defendant with "confin[ing] Todd Gates without his consent and while armed with a deadly weapon." The final instructions informed the jury that if the State proved beyond a reasonable doubt that the defendant: 1) confined Todd Gates, *or* 2) removed Todd Gates by fraud, enticement, force, or threat of force, from one place to another; then the jury should find the defendant guilty of confinement. The jury's general verdict indicates that they did find the defendant guilty of confinement, but does not indicate whether the conviction was based upon a violation of Ind.Code § 35–42–3–3(a)(1), non-consensual confinement, as charged in the information, or Ind.Code § 35–42–3–3(a)(2), confinement by removal, as allowed by the instructions but not charged by information.

The evidence, although conflicting, could have permitted the jury to infer the following facts. Sometime in the early morning hours of August 14, 1985, the defendant, a 5′10″, 135 pound, twenty-year old male, who walked with a limp because of an earlier partial left leg amputation, approached Todd Gates, a 6′3″, over 200 pound, seventeen-year old male, and at knifepoint, ordered Gates to accompany him to a nearby party to ascertain Gates's true identity. After entering the party with Gates, the defendant determined that Gates was in fact Gates and not one Russell Decker, and then forced Gates at knifepoint to drive a vehicle to Decker's house. After arriving at the Decker residence, Gates sought and gained the protection of the Decker family inside their home.

The trial court's error in giving the contested instruction to the jury makes this case analogous to *Shelton v. State* (1936), 209 Ind. 534, 199 N.E. 148, and distinguishable from *Dixon v. State* (1981), Ind.App., 425 N.E.2d 673. In *Shelton*, the defendant was charged with committing manslaughter while driving under the influence of intoxicants and while driving at a speed greater than was reasonable and prudent. 209 Ind. at 534–35, 199 N.E. at 148. There existed sharp conflicts in the evidence concerning the defendant's intoxication and driving speed, but undisputed evidence indicated the defendant had been operating his truck recklessly. *Id.* at 536, 199 N.E. at 149. Under the instructions, the jury was permitted to find the defendant guilty if it concluded he had been driving while under the influence or at an unlawful speed or in a reckless manner. *Id.* at 537–38, 199 N.E. at 149. We reversed the defendant's conviction, concluding:

> Under the Bill of Rights, appellant was entitled to know the character of the charge against him.
>
> ... The jury may have been convinced appellant was guilty of reckless driving, ... and, under the instruction of the court, returned its verdict of guilty solely upon this ground. It cannot be said therefore that the erroneous instructions above referred to did not prejudice appellant's rights and bring about a verdict of guilty upon a theory for which there is no basis in the affidavits upon which he was tried.

209 Ind. at 539–40, 199 N.E. at 150.

In *Dixon*, the Court of Appeals upheld a conviction in the face of an erroneously given instruction. The information there charged the defendant with attempted child molesting by attempting to perform sexual intercourse, and did not charge him with attempting to perform deviate sexual con-

duct. 425 N.E.2d at 677. However, the jury was instructed that engaging in deviate sexual conduct was a form of child molesting "as charged in the . . . [i]nformation." *Id.* The instruction was held erroneous, but harmless in light of the other instructions given to the jury and that, unlike *Shelton*, the "proof was not tendered in this case to support the charge set forth in the erroneous instruction." *Id.* at 678.

Just as in *Shelton*, the defendant here was entitled to know the character of the charge against him. Unlike *Dixon*, where proof was not tendered to support the erroneous instruction, the jury in the instant case may well have concluded that the defendant was guilty only of the uncharged offense of confinement by removal rather than non-consensual confinement as charged, because of the great difference in size between the two, and the defendant's physical handicap. Defense counsel continually stressed to the jury the differences in size between Gates and the defendant. The jury could also have concluded that while the defendant never confined Gates to any one place at any one time, he did remove Gates from the party and force Gates to drive him to the Decker residence. Thus, we cannot say that the erroneous instructions in this case did not prejudice the defendant's substantial rights and bring about a verdict of guilty upon an uncharged offense. We find that the defendant is entitled to a new trial on the charge of non-consensual confinement.

### Sufficiency of Evidence

While we have found that the erroneous instruction requires the grant of a new trial upon the criminal confinement charge, the double jeopardy provision of the federal constitution requires that we also address the sufficiency of evidence issue raised by the defendant.

In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of

fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

The defendant contends that the jury returned two conflicting verdicts which necessarily demonstrate reasonable doubt. In addition to the charges of which he was convicted, defendant was found not guilty of a third charge alleging non-consensual confinement of Ron Spicer. Both Spicer and Gates occupied the vehicle that the defendant forced Gates to drive to the Decker residence. The defendant argues that there was no conflict in the evidence and that it was impossible for the jury to find the defendant guilty of confining Gates and not guilty of confining Spicer. He is mistaken.

Both Spicer and Gates testified that Spicer's presence in the vehicle was voluntary, in contrast to that of Gates, who was forced to accompany the defendant at knife point. This clearly provided the jury with a basis for the differing verdicts. We find no error on this issue.

The conviction for criminal confinement, a class B felony, is reversed and remanded for new trial. In all other matters the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, J., concur.

PIVARNIK, J., dissents with opinion in which GIVAN, J., concurs.

PIVARNIK, Justice, dissenting.

I dissent to the majority in its finding the trial court erred in entering a judgment of conviction for confinement. I think the error of the majority is initiated by the finding the statute describes two different criminal acts. I think it would be more accurate to say the statute describes one criminal act that can be performed in two different manners. The word confinement suggests forcing a person to stay in a certain place and preventing him from going to another place. There is no question but in (1) the statute provides it is a crime to so contain a person against his consent. In (2) the statute provides one can commit

confinement, not by forcing a person to stand or be confined in one place, but by force causing him to traverse to another or several other places. If this is done by force, threat, or fraud, it is also, of course, "without consent." In other words, one commits confinement if one either forces a person to stay in one place against his consent or forces him to leave the place where he is and go to other places without his consent. In a comparison or contrast of (1) and (2), it would seem that (2) includes (1), since during the whole course of events the person is being confined in a given place except that the place changes from time to time with the same force and the same lack of consent. It seems unrealistic to say that in simply charging confinement the State is limited to show only that the victim was confined to a given place and was not moved about. The evidence here was the victim was forced, at knifepoint, to go to several places. To say the jury was misled by the court's instruction does not seem realistic. The evidence was, in fact, that by use of a knife, the defendant forced the victim to go to several different places with him. He was confined in each and all of those places without his consent. I have difficulty understanding the reasoning of the majority when it states:

Unlike *Dixon*, where proof was not tendered to support the erroneous instruction, the jury in the instant case may well have concluded that the defendant was guilty only of the uncharged offense of confinement by removal rather than nonconsensual confinement as charged, because of the great difference in size between the two, and defendant's physical handicap.

In the first place, this appears to be what the evidence revealed and it was up to the jury to decide whether or not it was credible. Second, it seems to me it would be easier for a smaller, weaker person to contain a larger, stronger person in a given area than it would to remove him by force and have him travel on foot and by automobile to different locations.

I would affirm the trial court.