## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 10 2018, 11:22 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anna Onaitis Holden
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Abraham Vargas,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

October 10, 2018

Court of Appeals Case No.
18A-CR-333

Appeal from the Marion Superior Court

The Honorable Barbara Crawford, Judge

The Honorable Ronnie Huerta, Commissioner

Trial Court Cause No.
49G09-1506-F6-022866

**Altice, Judge.**

## Case Summary

[1] Following a jury trial, Abraham Vargas was convicted of Class A Misdemeanor carrying a handgun without a license and Level 6 Felony criminal recklessness. On appeal, Vargas argues that the State failed to present sufficient evidence to sustain his convictions.

[2] We affirm.

## Facts & Procedural History

[3] On the evening of June 28, 2015, Samantha Dennison noticed a shiny object protruding from the front passenger window of a green Cadillac. Traveling east on Raymond Street, Dennison drove near the Cadillac and observed that the shiny object was in fact a silver handgun.

[4] Although she was unable to make out the facial details of the passenger waving the gun, Dennison noted that the passenger was a "light skinned" male. *Transcript Vol. II* at 133, 146. The driver was a female, and the Cadillac was occupied by at least three people. Because the person waving the gun had his finger on the trigger, and because Raymond Street was littered with bumps and potholes, Dennison felt endangered. She called 9-1-1 at approximately 6:30 p.m.

[5] Indianapolis Metropolitan Police Department (IMPD) Officer Nicholas Hubbs received a dispatch describing a green Cadillac with several passengers inside. Because he was already near the Raymond Street location indicated by the dispatch, Officer Hubbs located the green Cadillac within five or six minutes. The Cadillac was pulling out of a gas station at the corner of Raymond Street and Shelby Street. Officer Hubbs approached the Cadillac after it pulled into the White Castle parking lot across the street.

[6] Officer Hubbs found four adults and a toddler in the Cadillac. Vargas, a man of Hispanic descent, occupied the front passenger seat. He wore a neck-tie, but no shirt. Vargas's wife, a Caucasian female, was the driver. A Caucasian male, a Caucasian female, and a toddler occupied the back seats.

[7] Once Officer Hubbs's backup arrived, the officers removed each passenger and searched the vehicle. While officers searched the Cadillac, Dennison arrived and confirmed it was the same green Cadillac she had reported. Dennison was never asked, however, to identify any of the passengers. The officers discovered a silver .380 semi-automatic pistol beneath the front passenger seat. A white shirt had been wrapped around a gun holster and left on the front passenger seat cushion. The holster fit the silver handgun. Another handgun was discovered beneath the rear driver-side seat. An IMPD dispatcher requested a search through the Indiana State Police firearms licensing database and discovered that Vargas was not licensed to carry a firearm.

[8] On July 1, 2015, the State charged Vargas with Level 6 Felony pointing a firearm and Class A Misdemeanor carrying a handgun without a license. The charging information was later amended to add an additional charge: Level 6 Felony criminal recklessness. Following a jury trial on October 25, 2017, the State dismissed the Level 6 Felony pointing a firearm charge, and Vargas was found guilty of Class A Misdemeanor carrying a handgun without a license and Level 6 Felony criminal recklessness. On appeal, Vargas challenges the sufficiency of the evidence sustaining his convictions.

## Discussion & Decision

[9] When we consider a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor assess the credibility of the witnesses. *Suggs v. State*, 51 N.E.3d 1190, 1193 (Ind. 2016). Instead, we consider only the evidence and reasonable inferences supporting the conviction. *Id*. We will affirm if there is probative evidence from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id*.

### 1. Carrying a Handgun Without a License

[10] Indiana Code § 35-47-2-1(a) provides that "a person shall not carry a handgun in any vehicle or on or about the person's body without being licensed under this chapter to carry a handgun." This statute required the State to prove beyond a reasonable doubt that Vargas had actual or constructive possession of a handgun. *Deshazier v. State*, 877 N.E.2d 200, 204 (Ind. Ct. App. 2007), *trans denied*. Here, the State proceeded under a theory of constructive possession.

[11]  Constructive possession of a handgun is demonstrated by a defendant's intent and capability to maintain dominion and control over the handgun. *Ericksen v. State*, 68 N.E.3d 597, 601 (Ind. Ct. App. 2017), *trans denied*. Where the defendant does not have exclusive control of the vehicle containing the handgun, dominion and control over the handgun may be inferred from a variety of circumstances. *Id.* Pointing to the defendant's knowledge of the handgun's presence, such circumstances include, but are not limited to, the proximity of the handgun to the defendant and the mingling of the handgun with other items owned by the defendant. *Id.* (defendant constructively possessed a handgun where the defendant sat in the driver-side back seat and the handgun was found beneath the driver's seat); *Bradshaw v. State*, 818 N.E.2d 59, 63 (Ind. Ct. App. 2004) (defendant constructively possessed a handgun where the handgun was found directly beneath the defendant's seat).

[12]  The evidence is sufficient to establish that Vargas constructively possessed the silver handgun. Dennison observed the silver handgun being displayed outside the Cadillac's front passenger window. Officers discovered the handgun beneath the front passenger seat where Vargas sat, and a matching holster was wrapped in a shirt on top of the passenger seat. Taken together, these circumstances indicate that Vargas was within immediate reach of the handgun and that he knew it was there. It was therefore reasonable for the jury to determine that Vargas constructively possessed the handgun.

## 2. Criminal Recklessness

[13] Vargas does not dispute whether the evidence establishes the elements of criminal recklessness. Instead, Vargas asserts that the evidence is insufficient to establish his identity as the person observed committing criminal recklessness.

[14] Identity may be established entirely by inferences drawn from circumstantial evidence. *Cherry v. State*, 57 N.E.3d 867, 877 (Ind. Ct. App. 2016), *trans. denied*. Identification testimony is not considered insufficient to sustain a conviction just because it is not entirely unambiguous. *Id*. Here, the jury reasonably inferred that Vargas was the person seen displaying a handgun from the window of the green Cadillac.

[15] Though Dennison was unable to discern Vargas's facial features, Dennison observed that the person displaying the gun was a male sitting in the front passenger seat. She described that the male's complexion was "light skinned," but not of a dark hue. *Transcript Vol. II* at 133, 146. Five or six minutes after receiving the dispatch, Officer Hubbs discovered Vargas sitting in the front passenger seat of the Cadillac. Vargas was the only non-Caucasian male in the vehicle. Furthermore, Vargas was not wearing a shirt, and a matching gun holster was found wrapped in a shirt. The jury reasonably inferred from this evidence, albeit circumstantial, that Vargas was in fact the person who wielded the loaded handgun outside the passenger window.

[16] Judgment affirmed.

Brown, J. and Tavitas, J., concur.