## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 28 2019, 10:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Valerie K. Boots
Matthew W. Anglemeyer
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jeremy Roberts,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 28, 2019

Court of Appeals Case No.
18A-CR-1184

Appeal from the
Marion Superior Court

The Honorable
Christina R. Klineman, Judge

The Honorable
Marshelle Dawkins Broadwell,
Magistrate

Trial Court Cause No.
49G17-1712-F6-47049

**Kirsch, Judge.**

[1] Jeremy Roberts ("Roberts") appeals his conviction for Level 6 felony invasion of privacy,[1] raising the following issue: whether the State presented sufficient evidence to prove that Roberts had a prior unrelated conviction for invasion of privacy, which was necessary to support a Level 6 felony invasion of privacy sentence enhancement.

[2] We affirm.

## Facts and Procedural History

[3] On December 5, 2017, the State charged Roberts with a two-part information, alleging: (1) invasion of privacy as a Class A misdemeanor for violating a protective order issued under Indiana Code chapter 34-26-5; and (2) a Level 6 felony enhancement of invasion of privacy based on a prior unrelated invasion of privacy conviction. The trial court conducted a bifurcated jury trial on April 12, 2018, and in the first phase, the jury found Roberts guilty of Class A misdemeanor invasion of privacy.

[4] During the enhancement phase of trial, the State offered three exhibits. State's Exhibits 7 and 9 were admitted without objection. Exhibit 7 was a card with Roberts's thumbprint, which had been created for the bifurcated trial. *State's Ex.* 7; *Tr. Vol. II* at 198-99. Exhibit 9 was comprised of the arrest sheet, charging information, and sentencing order for "Jeremy Richard Roberts," all

---

[1] *See* Ind. Code § 35-46-1-15.1.

of which pertained to an invasion of privacy offense committed on December 13, 2013, in cause number 48C01-1402-CM-323 ("Cause No. 323"). *State's Ex. 9; Tr. Vol. II* at 194.

[5] Roberts, however, did object to the admission of State's Exhibit 8, which was a five-page exhibit[2] containing: (1) a cover letter from the custodian of records for the Indiana State Police; (2) three fingerprint cards for Roberts, which were prepared in 2013; and (3) a card reflecting that Roberts's fingerprints had been prepared on December 13, 2013 in connection with his arrest for invasion of privacy committed that same day. While Roberts admitted that his fingerprints were taken on December 13, 2013, the same day the invasion of privacy offense was committed, Roberts argued that there was nothing to connect the 2013 fingerprints in Exhibit 8 to Exhibit 9's 2013 arrest sheet, charging information, and sentencing order for Cause No. 323. *Tr. Vol. II* at 184-86.

[6] The State countered that Exhibit 8 contained not only the fingerprint cards but also "the date of arrest and the charge of invasion of privacy." *Id.* at 186. The State maintained that the "link . . . is that the date of the arrest and the charge will match our charging information and his name as well." *Id.* Agreeing with the State, the trial court overruled Roberts's objection and admitted Exhibit 8,

---

[2] In his reply brief, Roberts contends that State's Exhibit 8 is only three pages long. *Appellant's Reply Br.* at 4. The copy of State's Exhibit 8 in the record before us is five pages long.

concluding that the evidence "goes to weight and it's going to be an argument for the trier of fact." *Id*.

[7] A fingerprint examiner testified that Roberts's fingerprint, which was taken on the day of the 2018 trial, matched the 2013 fingerprint card in Exhibit 8. Based on this evidence, the jury found Roberts guilty of the Level 6 felony enhancement. On April 26, 2018, the trial court sentenced Roberts to two and one-half years executed in the Indiana Department of Correction. He now appeals the felony conviction.

## Discussion and Decision

[8] Roberts contends that the evidence was insufficient to sustain his conviction for Level 6 felony invasion of privacy. When reviewing sufficiency of the evidence claims, we do not reweigh the evidence or judge the credibility of the witnesses. *Ericksen v. State*, 68 N.E.3d 597, 600 (Ind. Ct. App. 2017), *trans. denied*. "Rather, we look to the evidence and reasonable inferences drawn therefrom that support the verdict and will affirm the conviction if there is probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt." *Stewart v. State*, 768 N.E.2d 433, 435 (Ind. 2002).

[9] Roberts was found guilty of invasion of privacy as a Level 6 felony, which is defined in relevant part as:

(a) A person who knowingly or intentionally violates:

> (1) a protective order to prevent domestic or family violence issued under IC 34-26-5 (or, if the order involved a family or household member, under IC 34-26-2 or IC 34-4-5.1-5 before their repeal);
>
> . . . .
>
> commits invasion of privacy, a Class A misdemeanor. However, the offense is a Level 6 felony if the person has a prior unrelated conviction for an offense under this subsection.

Ind. Code § 35-46-1-15.1 (footnote omitted). Roberts does not challenge the phase one verdict of the jury, which found him guilty of invasion of privacy. Instead, he contends that the evidence presented by the State in phase two was insufficient to prove a prior unrelated conviction to support the Level 6 felony enhancement. *Appellant's Br.* at 8.

[10] During the second part of the bifurcated trial, the State admitted into evidence Exhibits 7 and 9. Exhibit 7 was a card with Roberts's fingerprint taken on the day of the 2018 trial. Exhibit 9 was the arrest sheet, charging information, and sentencing order pertaining to Cause No. 323. That charging information alleged that "Jeremy Richard Roberts" had committed Class A misdemeanor invasion of privacy for having violated a no contact order issued as a condition of pre-trial release. *State's Ex.* 9. Cause No. 323's information and arrest sheet referenced that the defendant was born May 26, 1980, the offense was invasion of privacy, the offense was committed on December 13, 2013, and Officer Joshua Blake was the arresting officer. *Id.* The sentencing order reflected that

Roberts was convicted and sentenced in January 2016 to an executed sentence of 365 days.

[11]  To establish that Cause No. 323 was a prior offense, the State had to prove that Roberts is the same person who was convicted in 2013 for invasion of privacy under Cause No. 323. To establish this link, the State introduced Exhibit 8,[3] a five-page exhibit that contained fingerprint cards authenticated by the Indiana State Police. The first page of Exhibit 8 was a cover letter from the Indiana State Police custodian of criminal history records providing, "Enclosed are copies of the **fingerprints** and **palm prints** for **date of arrest 12/13/2013** only reference [sic] subject **JEREMY RICHARD ROBERTS**, date of birth **05/26/1980**, with file number **IN1088395**." *State's Ex.* 8 (emphasis in original). Pages two, four, and five of Exhibit 8 depicted Roberts's fingerprints and palm prints from both of his hands. During the phase two hearing, a fingerprint examiner testified that Roberts's fingerprint taken on the day of the 2018 trial matched the 2013 fingerprint cards. *Tr. Vol. II* at 201-02. Page three of that exhibit set forth that Roberts's fingerprints were obtained in connection with the offense of invasion of privacy, committed on December 13, 2013. *State's Ex.* 8. The second page of Exhibit 8 also indicated that Officer Blake was the arresting officer.

---

[3] State's Exhibit 8 was admitted over Roberts's objection; however, he does not challenge on appeal the admission of that evidence.

[12] On appeal, Roberts argues that this was insufficient evidence for the jury to find that he had a prior conviction. We disagree. Roberts acknowledges that the fingerprints on the 2013 cards of Exhibit 8 are his. *Appellant's App*. at 10. The identifying characteristics that the 2013 print cards of Exhibit 8 share with Exhibit 9's arrest sheet, charging information, and sentencing order are Roberts's name, Roberts's date of birth, that the offense was invasion of privacy, the date of the offense, the date of arrest, and the arresting officer. Notwithstanding Roberts's argument to the contrary, it is not probable or realistic that he was arrested two different times on December 13, 2013, by the same officer for committing two separate acts of invasion of privacy on the same day. Instead, the reasonable inference to be drawn from the evidence is that the 2013 fingerprint cards were created as a result of the same arrest that resulted in the conviction in Cause No. 323. Roberts's challenge to the sufficiency of the evidence is effectively a request that we reweigh the evidence, which we will not do. *See Stewart*, 768 N.E.2d at 435 ("We do not reweigh the evidence or assess the credibility of witnesses."). Here, the evidence was sufficient to establish that Roberts had a prior invasion of privacy conviction that supports the enhancement of his current conviction from a Class A misdemeanor to a Level 6 felony.

[13] Affirmed.

Riley, J., and Robb, J., concur.