## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 24 2019, 7:40 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Valerie K. Boots
Michael R. Fisher
Marion County Public Defender Agency
– Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Robert A. Rowlett
Angela Sanchez
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

John L. Smith,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 24, 2019

Court of Appeals Case No.
18A-CR-2596

Appeal from the Marion County
Superior Court

The Honorable Shatrese M.
Flowers, Judge

Trial Court Cause No.
49G20-1709-F4-34977

**Mathias, Judge.**

[1] John L. Smith ("Smith") was convicted in the Marion Superior Court of three counts of Level 4 unlawful possession of a firearm by a serious violent felon.

Smith now appeals arguing that the evidence was insufficient to support his convictions.

[2] We affirm.

## Facts and Procedural History

[3] On September 13, 2017, the Indiana State Police executed a search warrant of an apartment located at 5092 Oakhurst Drive in Marion County. The search warrant was issued as part of a larger narcotics investigation. The apartment had been under surveillance for drug activity. During the search of the apartment, one of the officers observed a man, who was later identified as Smith, in a white van parked outside.

[4] The officer advised one of the canine officers at the scene to conduct a "free air sniff" around the exterior of the van. State police trooper Susan Rinschler ("Trooper Rinschler") conducted the "free air sniff" with her canine partner. The canine was trained to detect and locate six different kinds of narcotics. The canine gave a response, indicating the detection of narcotics inside the van. Trooper Rinschler questioned Smith, and Smith admitted to smoking marijuana recently.

[5] Detective Nathaniel Raney ("Detective Raney") asked Smith to step out of the van for questioning. Smith informed Detective Raney that he was going to the apartment complex to do handywork for a man who lived at the apartment named "Larry." Tr. p. 25. Detective Raney recognized the name "Larry." The name had come up during his time on the investigation and during the search of

the apartment complex. *Id.* Smith also informed Detective Raney that he owned the van.[1] *Id.* at 27. The van had also been under police surveillance by Detective Larry Antic ("Detective Antic") since August 26, 2017 in connection with the narcotics investigation, and Smith had been previously photographed entering the van. *Id.* at 52–53. Based on these facts, Detective Raney asked Smith for consent to search the van. Smith consented.

[6] Detective Rusty Slater ("Detective Slater") and Detective Rick Shoemaker ("Detective Shoemaker") searched the van. The detectives discovered marijuana in the cup holder and a .22 caliber Rough Rider revolver under the front passenger seat. In the back-storage area of the van, the detectives observed two black milk crates, a red bag, and several miscellaneous items. The crates were located immediately behind the driver and passenger seats. The detectives found a Beretta pistol in one of the milk crates and a High Point pistol in the red bag. The firearms were accessible from the driver's seat.

[7] On September 15, 2017, the State charged Smith with three counts of Level 4 felony unlawful possession of a firearm by a serious violent felon (Count I, IV, V).[2] On June 4, 2018, the State amended the information to allege that Smith was a habitual offender.

---

[1] The van was not registered to Smith.

[2] Smith was also charged with one count of Level 5 felony possession of altered handgun (Count II) and one count of Level 5 felony possession of a narcotic drug (Count III). On September 17, 2018, the State sought to dismiss Counts II and III, and the State's motion was granted.

[8]     A one-day jury trial commenced on September 17, 2018. At trial, Smith argued that there was insufficient evidence to show actual or constructive possession of the firearms since he did not have knowledge that the guns were in the van. The jury found Smith guilty as charged on all three counts of unlawful possession of a firearm by a serious violent felon. Smith waived jury trial for the habitual offender count and entered a plea of guilty.

[9]     On October 1, 2018, Smith was sentenced to eight years on each count to be served concurrently. The sentence was enhanced by six years due to the habitual offender adjudication. Thus, Smith's aggregate sentence was fourteen years of incarceration at the Indiana Department of Correction. Smith now appeals.

## Discussion and Decision

[10]    Smith contends that the evidence is insufficient to sustain his convictions. When reviewing a claim of insufficient evidence to sustain a conviction, we consider only the probative evidence and reasonable inferences supporting the verdict. *Jackson v. State*, 50 N.E.3d 767, 770 (Ind. 2016). In this case, the jury was the fact-finder. It is the fact-finder's role, not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* We will affirm the conviction unless no reasonable fact-finder could have found the elements of the crime proven beyond a reasonable doubt. *Id.* It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Drane v. State,* 867 N.E.2d 144, 147 (Ind. 2007).

[11] To convict Smith of Level 4 felony unlawful possession of a firearm by a serious violent felon, the State had to show that Smith: (1) knowingly or intentionally; (2) possessed; (3) a firearm; (4) and that Smith was a serious violent felon. Ind. Code § 35-47-4-5(c). Smith argues that there was insufficient evidence to support the conclusion that he knowingly or intentionally possessed the firearms in the van. We disagree.

[12] Possession of a firearm can be either actual or constructive. Actual possession is "the direct physical control of the gun," whereas constructive possession occurs when an individual has the "intent and capability to maintain dominion and control over the item." *Houston v. State*, 997 N.E.2d 407, 409–10 (Ind. Ct. App. 2013). When constructive possession is asserted, the State must demonstrate the individual's knowledge of the contraband. Such knowledge may be "inferred from either the exclusive dominion and control over the premise containing the contraband, or . . . [if] the control is non-exclusive, with evidence of additional circumstances pointing to the defendant's knowledge of the presence of the contraband." *Ericksen v. State*, 68 N.E.3d 597, 601 (Ind. Ct. App. 2017), *trans. denied*. We conclude that Smith had "exclusive dominion and control" over the van containing the three firearms.

[13] Here, Smith was sitting alone in a van outside an apartment complex that was of interest in a narcotics investigation. Detective Antic testified that he had photographed Smith on August 26, 2017 driving the van as part of his surveillance related to the narcotics investigation. Tr. pp. 52–53; Ex. Vol., State's Exs. 16–18. A "free-air sniff" around the exterior of the van indicated

the presence of narcotics inside the van. A search of the van turned up a revolver under the passenger seat and two more firearms in the back cabin within arm's reach. The photographs show that the firearms were loaded and accessible from the driver's seat. Ex. Vol., State's Exs. 5–15. Further, Smith told the detectives that he owned the van and he was there to do handywork for a resident at the apartment complex by the name of "Larry," an individual of interest in the narcotics investigation. The jury could have made a reasonable inference that the items inside the van belonged to Smith and Smith had constructive possession. Smith also had his dog in the back cabin, adding support to the conclusion that Smith had control over the van. Lastly, there was no evidence at trial that someone other than Smith had occupied the van on the day of Smith's arrest or the days leading up to the arrest.

[14] Smith argues that if he had known that there were firearms in the van, he would not have given consent to Detective Raney to search the van. Smith's argument is nothing more than a request for us to reweigh the evidence and witness credibility on appeal, which we will not do.

## Conclusion

[15] Based on the facts and circumstances before us, the evidence presented to the jury was sufficient to sustain Smith's conviction. Accordingly, we affirm.

Vaidik, C.J., and Crone, J., concur.